**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PHILLIP G. LAWRENCE, and all other
persons similarly situated,
            *Plaintiff-Appellant,*

            v.

DEPARTMENT OF INTERIOR, agency;
DIRK KEMPTHORNE,* Secretary of
the Department of the Interior,
            *Defendants-Appellees.*

No. 06-35448

D.C. No.
CV-04-00203-EFS

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted
November 7, 2007—Seattle, Washington

Filed May 13, 2008

Before: William C. Canby, Jr., Susan P. Graber, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Canby

---

*Dirk Kempthorne is substituted for his predecessor, Gale Norton, as
Secretary of the Department of the Interior, pursuant to FED. R. APP. P.
43(c)(2).

5401

## COUNSEL

Richard B. Price, Omak, Washington, for the appellant.

Andrew S. Biviano, Assistant United States Attorney, Spokane, Washington, for the appellees.

## OPINION

CANBY, Circuit Judge:

Phillip Lawrence, a member of the Standing Rock Sioux Indian Tribe, has been employed for many years by the Bureau of Indian Affairs ("BIA"). He brought this action to challenge the denial of increased retirement benefits payable to employees whose duties included firefighting. He alleges that the BIA failed to notify him of an application deadline for retroactive reclassifications of service to reflect firefighting service. As a result of this failure, Lawrence missed the deadline and corresponding benefits were denied. In this action, he claims that the BIA's failure to notify him constituted a violation of federal trust responsibility toward Indians, a violation of the Indian Preference Act, and employment discrimination on the basis of race. The district court granted summary judgment for the BIA, and we affirm.

## FACTS

Since June 1976, Lawrence has worked with the BIA as a forester and silviculturalist. The job descriptions for those

positions did not specify that his duties included fire suppression. Nonetheless, during fire season, Lawrence spent much of his work-time fighting fires.

The Civil Service Retirement System grants an enhanced benefit retirement program to firefighters credited with 20 years of service. 5 U.S.C. § 8336(c)(1). In order to be credited for service as firefighters, employees like Lawrence who serve in positions not approved as firefighting positions must apply for the credit and prove that their duties included firefighting. 5 C.F.R. § 831.906(b). In 1987, the Civil Service regulations were changed so that the credit for years of firefighting would reach back only one year prior to making such an application. *See* 5 C.F.R. § 831.906(e). The change was published in the *Federal Register*. 52 Fed. Reg. 47893 (Dec. 17, 1987). Under the new regulation, existing employees would receive credit for their entire career if they filed before September 30, 1989. 52 Fed. Reg. at 47896.

In the months that followed publication of the new regulation, the BIA issued several "Personnel Management Bulletins" to agency personnel officers, superintendents, and division chiefs instructing them to pay "special attention" to the new deadline and "insure that Bureau employees who may be eligible under the special retirement provisions are again reminded" of it. Nonetheless, Lawrence received no actual notice of the change until December 1998, when the Department of the Interior held a firefighters' and law enforcement officers' retirement workshop on the Colville Reservation where Lawrence worked. There, Lawrence was erroneously advised that if he filed a claim within one year of the workshop, the claim would cover the course of his entire career at the agency.[1]

---

[1] At the time this advice was given, the deadline was nine years past for full recognition of Lawrence's career firefighting services.

Lawrence filed his claim on May 5, 1999. The Department determined that the request for pre-1998 service credit was barred by the one-year rule and denied that portion of the claim.[2] Title 5 C.F.R. § 831.906(f) allows the agency head to extend the time limit for filing if "the individual shows that he or she was prevented by circumstances beyond his or her control from making the request within the time limit." The Department found that Lawrence's ignorance of the time limit did not constitute a circumstance beyond his control.

Lawrence sought review of this decision from the Merit Systems Protection Board. The Board denied his petition for review. Lawrence challenged this denial in the district court.[3] He argued, *inter alia*, that the BIA's failure to provide him with actual and timely notice of the 1987 regulation limiting claims violated the BIA's obligations to Lawrence under the federal trust responsibility toward Indians, violated the Indian Preference Act, and constituted unlawful employment discrimination in violation of Title VII. The district court rejected these arguments and granted summary judgment against Lawrence, who brought this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## DISCUSSION

We review a grant of summary judgment de novo, viewing the agency's decision from the same position as the district court. *Sierra Club v. Babbitt*, 65 F.3d 1502, 1507 (9th Cir. 1995). A court reviewing a decision of the Merit Systems Pro-

---

[2]The Department also initially denied benefits for the period after May 4, 1998, but that portion of the decision has been rescinded. That denial is not before the court.

[3]"Although appeals of Merit Systems Protection Board decisions generally must be filed in the Federal Circuit Court of Appeals, district courts have jurisdiction to review 'mixed' cases, in which an action involves both a Merit Systems Protection Act appeal and a discrimination claim." *Coons v. Sec'y of the U.S. Dep't of the Treasury,* 383 F.3d 879, 884 (9th Cir. 2004) (citing 5 U.S.C. § 7703(b)(2)).

tection Board must "set aside any agency action, findings, or conclusions found to be—

(1)   arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2)   obtained without procedures required by law, rule, or regulation having been followed; or

(3)   unsupported by substantial evidence . . . ."

5 U.S.C. § 7703(c); *see Coons,* 383 F.3d at 888. An employee asserting Title VII discrimination claims in such review is entitled to trial de novo of that claim. 5 U.S.C. § 7703(c).

[1] Under generally applicable civil service law, the government did not waive the time limit of 5 C.F.R. § 831.906(e) by failing to provide actual notice of the new time limit to current employees. *Stearn v. Dep't of the Navy*, 280 F.3d 1376, 1384-85 (Fed. Cir. 2002). As *Stearn* provides, publication in the Federal Register suffices as constructive notice to Lawrence of the limitations period. *Id.* Although the regulation does provide for waiver when the employee is "prevented by circumstances beyond his or her control from making the request within the time limit," 5 C.F.R. § 831.906(f), no such circumstances were present in this case.

[2] The federal government's trust responsibility toward Indian tribes does not change the rule. This is not a case where the United States holds assets in trust for a tribe and has a fiduciary obligation to provide actual notice to beneficiaries of their claims. *See Loudner v. United States*, 108 F.3d 896, 900-01 (8th Cir. 1997). The agency discharged its fiduciary obligations by complying with the Civil Service Regulations, which are "general regulations and statutes not specifically aimed at protecting Indian tribes." *Morongo Band of Mission Indians v. FAA*, 161 F.3d 569, 574 (9th Cir. 1998). The agency's failure to provide employees with actual and

timely notice of the regulatory change is regrettable—particularly in light of the agency's repeated written instructions to supervisors to provide such notice—but trust doctrine imposes no special notice obligation beyond that enunciated in *Stearn*.

[3] Lawrence fares no better under the Indian Preference Act. The text of this act accords Indians a preference in "hiring," 25 U.S.C. § 472, and the BIA has interpreted "hiring" to mean "initial hiring, reinstatement, transfer, reassignment or promotion." 25 C.F.R. § 5.2(a). This preference of 25 U.S.C. § 472 supersedes the otherwise "blind" application of the Civil Service Regulations in the hiring of Indians. *See Preston v. Heckler*, 734 F.2d 1359, 1370-71 (9th Cir. 1984). Lawrence argues that the word "reassignment" extends to retroactive recognition that his employment included firefighting for benefits purposes, and that the preference accordingly applies here. While "statutes enacted for the benefit of Indians must be liberally construed with all doubts resolved in favor of the Indians," *id.* at 1369, we cannot read "hiring" or "reassignment" so broadly as to include a retroactive recognition that Lawrence's duties included firefighting. The Merit Systems Protection Board therefore did not act arbitrarily or contrary to law in holding that the limited imperatives of the Preference Act do not apply to this case. With regard to the matter in issue, the regular provisions of the Civil Service Regulations govern Lawrence as they do any other employee.

[4] Finally, the district court did not err when it granted the Department's motion for summary judgment on Lawrence's disparate impact claim. *See* Civil Rights Act of 1964 § 717(a), *as amended*, 42 U.S.C. § 2000e-16. Lawrence failed to make a prima facie showing of disparate impact, which is "usually accomplished by statistical evidence showing that an employment practice selects members of a protected class in a proportion smaller than their percentage in the pool of actual applicants." *Stout v. Potter*, 276 F.3d 1118, 1122 (9th Cir. 2002) (internal quotation marks omitted) (quoting *Robinson v.*

*Adams*, 847 F.2d 1315, 1318 (9th Cir. 1988)). Lawrence presented evidence that the BIA's policy affected some Indian employees, but he presented no evidence that the failure to provide actual and timely notice disproportionately affected Indians more than other racial groups.

   For the foregoing reasons, the judgment of the district court is

   **AFFIRMED**.