FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MY H. NGUYEN,<br><br>                Plaintiff - Appellant,<br><br>   v.<br><br>DEPARTMENT OF THE NAVY,<br>Agency; RAY MABUS, Secretary,<br>Department of the Navy,<br><br>            Defendants - Appellees. | No. 09-55892<br><br>D.C. No. 3:06-cv-01226-BEN-JMA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted January 12, 2011[**]
Pasadena, California

Before: McKEOWN, W. FLETCHER, and CLIFTON, Circuit Judges.

My H. Nguyen appeals from the district court's grant of summary judgment

to the Navy on her Title VII discrimination and hostile work environment claims,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the partial grant of summary judgment to the Navy on her Title VII retaliation claims, its denial of her motion for reconsideration, and the order upholding the Merit Systems Protection Board's ("MSPB") decision to affirm her removal from employment with the Navy. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review the district court's grant of summary judgment de novo. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003). We conclude that there was no genuine issue of material fact to be determined at trial on Nguyen's discrimination claims, the retaliation claims at issue in this appeal, and her hostile work environment claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). As to Nguyen's discrimination and retaliation claims, the district court properly found that Nguyen cannot rely on incidents prior to the June 10, 2002 Settlement Agreement because Nguyen agreed "to release the Navy from all claims or demands Nguyen may have arising out of her employment with the Navy occurring prior to the effective date of this agreement." This Agreement is enforceable because Nguyen's arguments regarding duress and breach fail. The district court found that her allegations of duress were conclusory and uncorroborated, and that there was no breach because the Navy fulfilled its only obligation required under the Agreement, namely, putting in a reassignment

2

request. Additionally, to support her discrimination and retaliation claims Nguyen cannot rely on incidents prior to August 24, 2002, or forty-five days before she initiated contact with an EEO counselor. *See* 29 C.F.R. § 1614.105(a)(1). The Navy has not waived the exhaustion requirement contained in the EEOC regulations, and there is evidence that Nguyen was aware of this requirement. In an affidavit Nguyen stated that she filed an EEO informal complaint in May 1998, but "more than forty-five days had passed [and f]or that reason, [she] did not file a formal complaint."

As to Nguyen's discrimination and retaliation claims based on events occurring *after* these dates, Nguyen has failed to establish a prima facie case of discrimination or retaliation. She even admitted that her supervisors and colleagues never made any statements about her protected characteristics. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).

Even assuming Nguyen established a prima facie case, the record shows that the Navy had legitimate, nondiscriminatory and nonretaliatory reasons for disciplining and ultimately removing Nguyen, including her substandard communications skills, low performance ratings and complaints from her customers, poor attendance and habitual tardiness, misuse of the government telephones and computers, and her admission that she took original copies of faxes

3

addressed to her colleagues without their knowledge. Nguyen has not raised a

genuine issue of material fact that the Navy's reasons were mere pretext. *See*

*Vasquez*, 349 F.3d at 640 (discrimination); *see also Manatt v. Bank of Am., N.A.*,

339 F.3d 792, 800 (9th Cir. 2003) (retaliation).

The district court properly granted summary judgment to the Navy on

Nguyen's hostile work environment claim because Nguyen neither showed that she

was subjected to verbal or physical harassment because of protected characteristics

or activities, nor alleged that the conduct was sufficiently severe or pervasive to

alter the conditions of her employment. *See Manatt*, 339 F.3d at 798. As the

district court stated, Nguyen's "allegations[,] . . . even if true, are nothing more

than routine managerial acts" and fail to rise to the level of severity, offensiveness,

and frequency required under our precedent to create a hostile work environment.

*See Vasquez*, 349 F.3d at 642-44 (surveying cases).

The district court did not abuse its discretion in denying Nguyen's motion to

amend under Federal Rule of Civil Procedure 60(b). *See MacDonald v. Grace*

*Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). Nguyen failed to present

new evidence, *see Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604,

609 (9th Cir. 1985), or an intervening change in controlling case law, *see Navajo*

4

*Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Finally, the MSPB's decision upholding the Navy's removal of Nguyen was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Lawrence v. Dep't of Interior*, 525 F.3d 916, 920 (9th Cir. 2008) (quoting 5 U.S.C. § 7703(c)(1)). Nguyen's various challenges to the MSPB's decision fail. First, the Administrative Judge ("AJ") found that the three factors articulated in *Bolling v. Department of the Air Force*, 8 M.S.P.B. 658, 659-60 (1981), were met. The AJ therefore properly reviewed Nguyen's prior disciplinary actions on the record, refusing her effort to admit new evidence in its evaluation of "the reasonableness of the penalty as a whole." *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001). Second, the AJ's decision to exclude statements made by the Navy's representatives during settlement negotiations under Federal Rule of Evidence 408 was similarly justified. Rule 408 prohibits the introduction of evidence "when offered to prove liability for . . . a claim that was disputed," Fed. R. Evid. 408(a), and Nguyen admits that she hoped to introduce the evidence, at least in part, to prove the Navy's liability under Title VII. Finally, Nguyen's challenge to the reasonableness of her removal fails because the AJ did not act arbitrarily or capriciously in concluding that under the criteria set forth in *Douglas*

5

*v. Veterans Administration*, 5 M.S.P.B. 313, 331-32 (1981), the record provided ample support for the Navy's decision to remove her.

**AFFIRMED.**