**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JANET D. LEWIS,

        *Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA;
MICHAEL B. DONLEY, Secretary of
the United States Air Force,
        *Defendants-Appellees.*

No. 10-35624

D.C. No.
3:06-cv-00053-JWS

OPINION

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted May 5, 2011*
Anchorage, Alaska

Filed May 26, 2011

Before: Arthur L. Alarcón, Susan P. Graber, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Alarcón

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Nicholas J. Kittleson, Kittleson Law Office, LLC, Anchorage, Alaska, for the plaintiff-appellant.

Karen L. Loeffler, United States Attorney for the District of Alaska, and E. Bryan Wilson, Assistant United States Attorney, Anchorage, Alaska, for the defendants-appellees.

## OPINION

ALARCÓN, Circuit Judge:

Janet Lewis appeals from the district court's denial of summary judgment affirming a decision of the Merit Systems Protection Board ("MSPB"), which in turn upheld a decision by the United States Air Force (the "Agency") to terminate her employment. We affirm.

I

Lewis was director of a child development center on the Elmendorf Air Force Base. In 2003, another candidate was selected over Lewis for a position as the director of a new child development facility. Lewis subsequently filed an equal employment opportunity complaint against her supervisors, alleging racial discrimination. Thereafter, her relationship with her supervisors began to deteriorate.

In 2006, Lewis requested 120 days of leave without pay pursuant to the Family Medical Leave Act ("FMLA"). The Agency requested a medical certification to support Lewis's FMLA request for leave. The Agency gave Lewis a medical certification form, created by the Department of Labor, called a WH-380. In support of her request for FMLA leave, Lewis submitted three documents: 1) a prescription from Dr. Beverly Hendleman, her psychiatrist; 2) a letter dated November 21, 2006, from Dr. Hendleman; and 3) a WH-380 form.

Lewis's supervisor, Kathleen DeShasier, told Lewis that the documents she had submitted were insufficient to support

her request for FMLA leave. Lewis refused to submit more information. Lewis informed DeShasier that, according to Lewis's doctor, Lewis had provided all the information necessary under the FMLA. DeShasier converted Lewis to absent without leave ("AWOL") status until her removal from employment in 2007.

Lewis appealed her removal to the MSPB, and an administrative law judge ("ALJ") conducted an evidentiary hearing. The ALJ found by a preponderance of the evidence that Lewis was AWOL for the entire period and that the Agency had acted within its discretion in removing Lewis from her position with the Agency. The ALJ further found that Lewis failed to demonstrate that the basis for her removal was discriminatory or retaliatory. Because Lewis did not appeal that decision to the full board, the ALJ's decision became the final decision of the MSPB. 5 U.S.C. § 7701(e).

In this action in federal court, Lewis brought claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (codified at 42 U.S.C. § 2000e-16), and a claim of unlawful removal from employment pursuant to 5 U.S.C. § 7702. The district court granted summary judgment to the Agency on the unlawful removal claim and affirmed the decision of the MSPB. Although the Title VII claims remained pending before the district court, the court entered final judgment on the unlawful removal claim pursuant to Federal Rule of Civil Procedure 54(b). Lewis timely appeals that judgment.

The district court had jurisdiction pursuant to 5 U.S.C. § 7703(b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291.

II

We review a district court's order denying summary judgment "de novo, viewing the agency's decision from the same position as the district court." *Lawrence v. Dep't of Interior*,

525 F.3d 916, 920 (9th Cir. 2008). We may reverse the decision of the MSPB only if it is arbitrary, capricious, contrary to law, or not supported by substantial evidence. 5 U.S.C. § 7703(c).

III

A

**[1]** Under the FMLA, a federal employee is entitled to up to twelve weeks of unpaid leave within a twelve-month period if he or she has a "serious health condition that makes the employee unable to perform the functions of the employee's position." 5 U.S.C. § 6382(a)(1)(D). The employing agency may require that the employee provide a medical certification to support an FMLA request for leave. *Id.* § 6383(a). Relevant here, the Act provides that a medical certification "shall be sufficient if it states [among other things] the appropriate medical facts within the knowledge of the health care provider regarding the condition." *Id.* § 6383(b)(3); *see also* 5 C.F.R. § 630.1207(b)(3) (requiring that a medical certification state "[t]he appropriate medical facts within the knowledge of the health care provider regarding the serious health condition, including a general statement as to the incapacitation, examination, or treatment that may be required by a health care provider").

Lewis challenges the MSPB's finding that "none of the documents submitted by [Lewis] to the agency in support of her FMLA leave provide[s] sufficient medical facts to support the conclusion that appellant is suffering from a serious health condition." We conclude that the MSPB's finding is supported by substantial evidence.

**[2]** Lewis's WH-380 form states only that she was diagnosed with Post-Traumatic Stress Disorder and needed therapy, medical treatment, bed rest, two prescription medications, and 120 days off work. The form, however, fails

to provide a summary of the medical facts that support this diagnosis. *See* 5 U.S.C. § 6383(b)(3) (requiring the certification to state "the appropriate medical facts"). The form contains no explanation as to why Lewis was unable to perform her work duties and no discussion about whether additional treatments would be required for her condition. When Lewis refused to submit any further documentation, her medical certification remained deficient.

Lewis argues that her certification was sufficient because of the MSPB's discussion in *Ellshoff v. Department of Interior*, 76 M.S.P.R. 54 (M.S.P.B. 1997). Lewis is mistaken. In *Ellshoff*, the MSPB held that a doctor's report can be a satisfactory medical certification if it contains the minimum statutory requirements under 5 U.S.C. § 6383(b). 76 M.S.P.R. at 77. Because Lewis's documentation failed to meet the minimum statutory requirements, *Ellshoff* does not support her. *Cf. Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 578-79 (6th Cir. 2007) (holding that a medical certification form under a related FMLA provision is insufficient where it lacks a statement of "the appropriate medical facts within the healthcare provider's knowledge" to support the FMLA claim).

Relying on *Dias v. Department of Veterans Affairs*, 102 M.S.P.R. 53, 55-56 (M.S.P.B. 2006), Lewis next argues that disputes as to the adequacy of an employee's medical certification can be resolved only by the employer's requiring the employee to submit second and even third opinions. We disagree. The need for second or third opinions is triggered only when an employer "has reason to doubt the validity" of the medical certification. 5 U.S.C. § 6383(c)(1). DeShasier testified, and the ALJ credited, that she doubted the *sufficiency*, not the *validity*, of the documentation.

**[3]** Substantial evidence supports the MSPB's finding that Lewis's WH-380 form and the two doctors' notes did not provide the minimum information required by 5 U.S.C. § 6383(b).

B

**[4]** Lewis also contends that the MSPB erred in finding that the Agency did not violate her FMLA rights by requesting Lewis to provide medical documentation beyond the documentation required by the FMLA, even after she had provided a WH-380 medical certification form. As discussed above, Lewis submitted an incomplete WH-380 form and refused to submit further documentation. Because Lewis failed to submit the minimal mandated medical certification, which requires *less* detailed information than the information sought by the Agency, she cannot show any harm arising from the Agency's request for more documentation than is required under the FMLA. *See Burge v. Dep't of Air Force*, 82 M.S.P.R. 75, 85 (M.S.P.B. 1999).

C

**[5]** The ALJ properly rejected Lewis's argument that the Agency failed to give her adequate time to provide the medical certification. Regulations require that the Agency provide an employee at least fifteen days and, if that period is "not practicable," that the Agency provide "a reasonable period of time under the circumstances involved," to a maximum of thirty days. 5 C.F.R. § 630.1207(h). Here, the record reflects that the Agency requested certification no later than November 20, 2006, and that, because of the unavailability of Lewis's doctor, Lewis was given until December 13, 2006, to provide sufficient medical certification. Lewis has not provided any reason why this period of twenty-two days did not meet the regulatory requirements that the Agency provide "a reasonable period of time under the circumstances involved." *Id.*

D

**[6]** Lewis asserts that the MSPB erred in finding that she had not complied with the requirements of the FMLA

because, she contends, she submitted adequate medical documentation to the human resources department in support of her workers' compensation claim. The record shows that Lewis submitted a workers' compensation claim to the Agency with medical documents and a detailed diagnosis. But Lewis did not deliver this documentation to DeShasier. Instead, Lewis specifically requested that the human resources department keep her medical records confidential and out of the hands of DeShasier. Because of these facts, substantial evidence supports the MSPB's finding that "appellant refused to provide any additional information or documentation" aside from the two letters and the WH-380 form.

## IV

The record demonstrates that the MSPB did not err in determining that Lewis was in AWOL status during her absence from work because she failed to submit sufficient medical certification. Accordingly, the Agency acted within its discretion in removing her from her position.

**AFFIRMED.**