**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CURTIS N. BEITO,

        Plaintiff - Appellant,

  v.

CITY OF AIRWAY HEIGHTS; et al.,

        Defendants - Appellees.

No. 13-35550

D.C. No. 2:10-cv-00432-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

    Curtis N. Beito appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging federal and state law violations arising from

his 2006 arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo, *Lawrence v. Dep't of Interior*, 525 F.3d 916, 920 (9th Cir. 2008), and we

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment on the basis that Beito's action is time-barred because Beito filed his action more than three years after his 2006 arrest, which was when his § 1983 claim accrued, and the combined duration of his imprisonment and disability did not sufficiently toll the limitations period. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) (§ 1983 claim arising from false arrest "begins to run at the time the claimant becomes detained pursuant to legal process"); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (limitations period for § 1983 action is three years under Washington state law); *see also* Wash. Rev. Stat. 4.16.190(1) (tolling statute of limitations if, at the time the claim accrued, the party asserting the claim is imprisoned on a criminal charge prior to sentencing, or is incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings).

We do not consider Beito's arguments regarding ineffective assistance of counsel and alleged due process violations because they were raised for the first time on appeal. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**