**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-11-1595-DMkKi |
| ) | |
| MAN SOO YUN, ) | Bk. No.   SV 10-18057 AA |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| PEOPLE OF THE STATE OF ) | |
| CALIFORNIA, by and through the) | |
| California Corporations ) | |
| Commissioner, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| MAN SOO YUN; DAVID SEROR, ) | |
| Chapter 7 Trustee; UNITED ) | |
| STATES TRUSTEE, ) | |
| ) | |
| Appellees. ) | |
| _____) | |

Argued and Submitted on July 20, 2012
at Pasadena, California

Filed - August 14, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Alan M. Ahart, Bankruptcy Judge, Presiding

Appearances:     Erik Richard Brunkal, Esq. argued for Appellant,
People of the State of California, by and through
the California Corporations Commissioner; David
Brian Lally, Esq. argued for Appellee, Man Soo Yun.

---

[1]     This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may have
(see Fed. R. App. P. 32.1), it has no precedential value. See 9th
Cir. BAP Rule 8013-1.

Before: DUNN, MARKELL, and KIRSCHER, Bankruptcy Judges.

The California Corporations Commissioner ("Commissioner") moved for relief from the § 362(a)[2] automatic stay to continue enforcement proceedings in the California Superior Court ("State Court Proceeding") against an individual chapter 7 debtor under the California Franchise Investment Law ("FIL"), Cal. Corp. Code § 31000 et seq. The bankruptcy court's limited order granting relief ("Order") authorized the Commissioner to seek only injunctive relief in the State Court Proceeding. Asserting that § 362(b)(4) excepted from the automatic stay claims under the FIL for administrative penalties and restitution, the Commissioner appealed the Order. We AFFIRM.

## I. FACTS

Man Soo Yun was the president, chief operating officer, and owner of Green on Blue, Inc. ("GOBI"), incorporated on September 12, 2006. Mr. Yun and GOBI, as the master franchisor in the United States for WHOSTYLE Company, Ltd., a Korean Corporation, were in the business of franchising "Yogurberry" frozen yogurt outlets. GOBI did business as Yogurberry U.S.A. and as Yogurberry Franchising Company.

The California Corporations Commission ("Commission") approved GOBI's registration to sell Yogurberry franchises in California for the periods December 21, 2006 through April 20, 2007, and April 24, 2007 through April 21, 2008. Prior to that

_____

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as Civil Rules.

-2-

approval, the Commission reviewed GOBI's proposed Uniform Franchise Offering Circular ("UFOC"), after it had been revised several times by the Commission's Securities Regulations Division. The UFOC provides potential franchisees with information to make an informed decision whether to invest in a franchise opportunity. The FIL requires that a prospective franchisee is to receive a copy of the UFOC fourteen days prior to signing a binding agreement or providing any consideration to the franchisor.

Following the receipt of complaints from a number of franchisees, the Commissioner initiated an administrative investigation of Mr. Yun and GOBI in 2009. As part of the investigation, the Commissioner sent questionnaires to twenty-six "known victims;" only nine questionnaires were returned. The Commissioner ultimately determined that Mr. Yun and GOBI had violated the FIL by offering and/or selling franchises in California (1) prior to registering the offers as required by Cal. Corp. Code § 31110, (2) without providing prospective franchisees with UFOCs as required by Cal. Corp. Code § 31119, and (3) by means of written or oral communications containing untrue statements or omissions of material facts in violation of Cal. Corp. Code § 31201. Based on these findings, the Commissioner issued a "Citation & Desist and Refrain Order" ("Commissioner's Order") on January 7, 2010.

The Commissioner's Order, issued pursuant to Cal. Corp. Code § 31406, directed Mr. Yun and GOBI to desist from the offer or sale of any and all franchises in the state of California (1) unless and until the offers had been registered under the FIL or were exempt from registration, (2) without first providing

-3-

prospective franchisees with a UFOC, and (3) by means of written or oral communications containing untrue statements or omissions of material facts.

The Commissioner's Order contained two additional provisions that are at issue in this appeal. The first, titled "Administrative Penalty," states:

> Pursuant to [Cal. Corp. Code § 31406], [Mr. Yun and GOBI] are hereby assessed and ordered to pay, jointly and severally, an administrative penalty of [$42,500]. If within [60] days from the receipt of this citation [Mr. Yun or GOBI fails] to notify the Commissioner that they intend to request a hearing as described in subd. (d) of [§ 31406], the citation shall be deemed final. Subdivision (d) of [§ 31406] provides that any hearing requested under [§ 31406] shall be conducted in accordance with Chapter 5 . . . of Part 1 of Division 3 of Title 2 of the California Govt. Code.

The second, titled "Ancilliary [sic] Relief," states:

> Pursuant to [Cal. Corp. Code § 31408], [Mr. Yun and GOBI] are hereby ordered to pay, jointly and severally, $2,339,400.00 for both restitution of out-of-pocket expenses and for rescission of franchise fees, royalty fees and other fees assessed by and paid to [Mr. Yun and GOBI] by nine victims/franchisees.

The Commissioner asserts that because neither Mr. Yun nor GOBI requested a hearing on the Commissioner's Order within the sixty days allowed by Cal. Corp. Code § 31406, the Commissioner's Order became final on June 9, 2010.

Mr. Yun filed a chapter 7 bankruptcy petition on July 2, 2010. The Notice of Commencement of the Bankruptcy Case ("Bankruptcy Case Notification") set a deadline of October 1, 2010 for a creditor to object to the discharge of its debt. Although three franchisees filed nondischargeability complaints against Mr.

-4-

Yun,[3] the Commissioner did not.

In his Schedule F - Creditors Holding Unsecured Nonpriority Claims, Mr. Yun listed the California Department of Corporations ("Corporations Department") as a creditor with a claim in the amount of $2,384,400.00 based upon his personal liability on a business judgment. The address Mr. Yun used for the Corporations Department was "Consumer Services Office, 1515 K Street, Suite 200, Sacramento, CA 95814." This is the address to which the Bankruptcy Case Notification was mailed by the Bankruptcy Noticing Center. The Commissioner contends that the address was not correct. It appears that the Commissioner does not dispute the department, office, or physical address Mr. Yun used in Schedule F. However, he faults Mr. Yun and his counsel for not including in the address the name of the Senior Corporations Counsel, Erik Brunkal, assigned to enforce the Commissioner's Order. In his Declaration to the bankruptcy court, Mr. Brunkal averred: "[N]either I nor anyone else at the Department of Corporations had actual notice of this bankruptcy until June 27, 2011 – nearly a year after the case was filed."

Mr. Yun received his chapter 7 discharge on March 4, 2011. However, approximately two weeks later, the discharge order was vacated. We learned of this fact at oral argument, and were informed at that time that no discharge order subsequently has

---

[3] After trial, the bankruptcy court entered judgment in favor of Mr. Yun on their exception to discharge complaint. Appellee's Opening Brief at 6:13-15.

been entered.[4] On April 8, 2011, the Commissioner filed in the Superior Court of California in and for the County of Los Angeles ("State Court") an application ("Application") for a judgment for administrative penalties and an order compelling compliance with the Commissioner's Order. Specifically, the Application stated that the Commissioner was applying

> (1) for a judgment for administrative penalties in the amount of $42,500.00, (2) for an order compelling compliance with the [Commissioner's Order], including but not limited to the order that [Mr. Yun and GOBI] jointly and severally pay restitution and rescission in the amount of $2,339,400.00 to nine victim franchisees . . . , and (3) for an award of attorney fees and costs in the amount of $2,500.00.

The State Court set a hearing ("July 6 Hearing") on the Application for July 6, 2011.

On June 1, 2011, Mr. Yun's bankruptcy attorney filed a "Notice of Stay of Proceedings" ("State Court Notice") in the State Court based upon Mr. Yun's pending bankruptcy case, and served the State Court Notice on the Commissioner at the address included in Schedule F with the additional language "Senior Corporations Counsel." In his declaration, Mr. Brunkal states that this was not proper notice, since it was not addressed

---

[4] Mr. Lally prepared Appellee's Brief in this case. At page 2, lines 24-25, it states: "The Debtor filed his Chapter 7 Petition on July 2, 2010, and received his Discharge on March 4, 2011." Because Mr. Lally did not inform us that this discharge subsequently was vacated, a matter relevant to our analysis of the issues in this appeal, we prepared for oral argument under a significant misapprehension of the facts. We since have checked the bankruptcy court docket and have confirmed that as of the date of this memorandum decision, Mr. Yun still has not received his discharge. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989) (appellate court may take judicial notice of bankruptcy court records); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003) (same).

-6-

specifically to "Senior Corporations Counsel, Erik Brunkal." Mr. Brunkal further averred that the Corporations Department mailroom "has no record of receiving any such document."

Mr. Brunkal states that he learned of Mr. Yun's bankruptcy case on June 27, 2011. After he made his flight, hotel and rental car reservations for the July 6 Hearing, Mr. Brunkal checked the State Court docket, at which time he discovered (1) the Stay Notice had been filed, and (2) the State Court had taken the July 6 Hearing off the calendar.

On July 20, 2011, Mr. Brunkal, acting on behalf of the Commissioner, filed in the bankruptcy court the "Motion of the People of the State of California for Determination That the Civil Enforcement Action Filed in State Court Is Exempt From the Automatic Stay, Or, In the Alternative, for Relief From the Automatic Stay" ("RFS Motion").[5] In the RFS Motion, the Commissioner asserted (1) "the State of California should be allowed to prevent this . . . debtor from profiting from fraud and discharging his obligations to the defrauded in bankruptcy," and (2) "[a]ny monetary judgment award against Debtor will be enforced in accordance with the Bankruptcy Code, although the Commissioner believes that his claim is non-dischargeable in any bankkruptcy action pursuant to 11 U.S.C. § 523(a)."

Mr. Yun responded ("Response") that he had listed the

_____

[5] Mr. Brunkal states in his declaration in support of the RFS Motion that "[t]he Commissioner has worked diligently since receiving actual notice of debtor's bankruptcy filing to get this motion heard as soon as possible and, in fact, filed the motion within 10 days of actual notice." This is not true. It appears that Mr. Brunkal may have tendered his motion for filing within 10 days of June 27, 2011, but the actual RFS Motion was not filed until July 20, 2011, 23 days after June 27.

-7-

Commissioner as a creditor in the case and that the Commissioner therefore had been served with the Bankruptcy Case Notification. Mr. Yun asserted that because the Commissioner did not file a timely nondischargeability complaint, he was precluded from asserting his claims against Mr. Yun that were based upon Mr. Yun's alleged fraud, because the deadline to file exception to discharge claims had passed. Mr. Yun also filed an opposition to the Commissioner's motion for a determination that the State of California was exempt from the automatic stay, in which he put directly in issue before the bankruptcy court the question of whether the Commissioner had constructive notice of the deadline for filing an exception to discharge complaint, notwithstanding the Commissioner's alleged lack of actual notice.

Following a hearing ("RFS Hearing"), the bankruptcy court entered an order ("RFS Order") which provided that the automatic stay was terminated as to Mr. Yun and his estate, "only to permit [the Commissioner] to obtain a judgment for nonmonetary relief and to enforce such nonmonetary judgment." The Commissioner filed a timely notice of appeal. The Commissioner filed his Designation of Record on Appeal and affirmatively elected not to designate the transcript of the RFS Hearing as part of his Record on Appeal.

## II.   JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

///

///

///

///

-8-

## III.  ISSUES[6]

Whether the bankruptcy court erred when it determined that the Commissioner's failure to file a dischargeability complaint by the deadline set forth in the Bankruptcy Case Notification precluded the Commissioner from pursuing a monetary judgment against Mr. Yun based on the Commissioner's Order.

Whether the bankruptcy court erred when it failed to determine that the State Court Proceeding to enforce the Commissioner's claims for monetary relief against Mr. Yun were excepted from the automatic stay pursuant to § 362(b)(4).

## IV.  STANDARDS OF REVIEW

We previously have stated that whether a particular action is exempt from the automatic stay is a question of law that we review de novo.  Commonwealth of Mass. v. First Alliance Mortg. Co. (In re First Alliance Mortg. Co.), 263 B.R. 99, 106 (9th Cir. BAP 2001).  In the context of this appeal, however, it is more accurate to state that the issue is a mixed question of fact and law.  "A mixed question of law and fact occurs when the historical facts are established; the rule of law is undisputed . . . and the issue is whether the facts satisfy the legal rule."  Murray v. Bammer (In re Bammer), 131 F.3d 788, 792 (9th Cir. 1997).  We review mixed questions of law and fact de novo.  Carillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir. 2002); In re Bammer, 131 F.3d at 792.  De novo review requires that we view the case from

_____

[6]  We do not resolve the following issue presented by the Commissioner in his Statement of Issues, because its seeks an advisory opinion from this Panel rather than review of the RFS Order:  Whether the Commissioner will violate the discharge injunction if it continues the State Court Action to enforce the monetary provisions of the Commissioner's Order?

-9-

the same position as the bankruptcy court. See Lawrence v. Dep't of Interior, 525 F.3d 916, 920 (9th Cir. 2008).

We review a bankruptcy court's order regarding relief from the automatic stay for abuse of discretion. Moldo v. Matsco, Inc. (In re Cybernetic Servs., Inc.), 252 F.3d 1039, 1045 (9th Cir. 2001). We apply a two-part test to determine whether the bankruptcy court abused its discretion. United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). First, we consider de novo whether the bankruptcy court applied the correct legal standard to the relief requested. Id. Then, we review the bankruptcy court's fact findings for clear error. Id. at 1262 & n.20. We must affirm the bankruptcy court's fact findings unless we conclude that they are "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" Id.

We may affirm the bankruptcy court's ruling on any basis supported by the record. See, e.g., Heilman v. Heilman (In re Heilman), 430 B.R. 213, 216 (9th Cir. BAP 2010); FDIC v. Kipperman (In re Commercial Money Center, Inc.), 392 B.R. 814, 826-27 (9th Cir. BAP 2008); see also McSherry v. City of Long Beach, 584 F.3d 1129, 1135 (9th Cir. 2009).

                          V.   DISCUSSION

A.   The Panel Has Discretion to Dismiss or Summarily Affirm
     in This Appeal Where the Commissioner Failed to Provide
     an Adequate Record for Review.

The lack of an adequate record in this appeal is problematic. Despite the fact that the bankruptcy court held a hearing on the RFS Motion, the Commissioner made an affirmative decision not to include a transcript of the RFS Hearing. The RFS Order contains

-10-

no factual findings or legal conclusions by the bankruptcy court. Consequently, we are hampered by the lack of a record in our review of the RFS Order.

The Commissioner's complete disregard of Rule 8009(b) in itself constitutes a basis to dismiss this appeal or summarily affirm the bankruptcy court's decision. Kyle v. Dye (In re Kyle), 317 B.R. 390, 393 (9th Cir. BAP 2004), aff'd, 170 F. App'x 457 (9th Cir. 2006). That said, we have reviewed the record, as submitted, for the purpose of our review of the issues presented.

B.    The Panel's Review Is Limited in Scope.

Generally, an appellate court will not consider an issue unless it was raised and considered by the trial court. The purpose of this rule is to ensure that the parties present to the fact finder all the evidence they believe is relevant to the issues presented. Singleton v. Wulff, 428 U.S. 106, 120 (1976); Exxon Shipping Co. v. Baker, 554 U.S. 471, 487 (2008). This rule is collateral to the broader rule that an appellate court does not sit as a fact finding body:

> The rationale for deference to the original finder of fact is not limited to the superiority of the trial judge's position to make determinations of credibility. The trial judge's major role is the determination of fact, and with experience in fulfilling that role comes expertise. Duplication of the trial judge's efforts in the court of appeals would very likely contribute only negligibly to the accuracy of fact determination at a huge cost in diversion of judicial resources. In addition, the parties to a case on appeal have already been forced to concentrate their energies and resources on persuading the trial judge that their account of the facts is the correct one; requiring them to persuade three more judges at the appellate level is requiring too much. As the Court has stated in a different context, the trial on the merits should be "the 'main event' . . . rather than a 'tryout on the road.'" Wainwright v. Sykes, 433 U.S. 72, 90 (1977). For these reasons, review of factual findings under the

-11-

clearly-erroneous standard—with its deference to the trier of fact—is the rule, not the exception.

Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574-75 (1985).

Mr. Yun defended the RFS Motion on the basis that any claim the State of California may have had based on Mr. Yun's alleged fraud was discharged when the Commissioner failed to seek a determination that the debt was excepted from his discharge under a subsection of § 523(a) within the time mandated by § 523(c)(1). The record before us does not reflect what, if anything, the Commissioner may have asserted before the bankruptcy court with respect to § 523. The Commissioner did not address any defense to application of the § 523(c)(1) deadline in the RFS Motion or in any of his supporting papers.

The Commissioner suggests on appeal that the bankruptcy court erred when it determined that the Commissioner had failed to file a dischargeability complaint within the time provided by § 523(c)(1). He asserts before us that § 523(b)(3)(B) excuses any failure to meet the § 523(c)(1) deadline, because Mr. Yun had not provided him with proper notice of the pendency of the bankruptcy case.[7] Although the timeliness of a dischargeability complaint under § 523(c)(1) appears to have been raised before the bankruptcy court by Mr. Yun, nothing in the record reflects what facts, if any, the bankruptcy court considered in connection with

---

[7] In the record before the bankruptcy court, the Commissioner stated he never received notice of the bankruptcy case. In context, it is not apparent that this was anything other than a generalized complaint against the actions of Mr. Yun and his bankruptcy counsel. Nowhere does the Commissioner assert that any failure to be served implicated his rights under § 523.

-12-

the timeliness of pursuing a nondischargeability determination. We cannot say that the bankruptcy court's findings are clearly erroneous when we do not know what they were.

The Commissioner alternatively asserts on appeal that the § 523(c)(1) deadline does not apply, because the basis for nondischargeability of the State of California's claim is § 523(a)(7), which provides that a discharge under § 727 does not discharge an individual debtor from any debt "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . . ."

Nothing in the record reflects that the Commissioner presented to the bankruptcy court the issue of the applicability of § 523(a)(7), or any other provision of § 523(a), in arguing the RFS Motion. In the absence of a record establishing that the bankruptcy court considered these issues, we have nothing to review on appeal.

In the absence of an adequate record, we affirm the bankruptcy court's order to the extent it may be based on a determination that no timely exception to discharge complaint was filed within the purview of § 523(c)(1). We do not reach the issue of whether § 523(a)(7), or any other provision of § 523(a), applies to the alleged nondischargeability of the Commissioner's claim where that issue was not presented to the bankruptcy court in the first instance.

C.    The Record Is Insufficient for the Panel to Review the Commissioner's § 362(b)(4) Issue on Appeal.

Under § 362(a), the filing of a voluntary bankruptcy petition operates as a stay (1) of the commencement or continuation of

-13-

actions or proceedings against the debtor (§ 362(a)(1)), and (2) of any act to collect, assess or recover a claim against the debtor that arose before the commencement of the bankruptcy case (§ 362(a)(6)).

The scope of the automatic stay is intended to be "quite broad." Hills Motors, Inc. v. Haw. Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1993). However, Congress specifically excepted the enforcement of a governmental unit's "police or regulatory powers" from the scope of the automatic stay. See § 362(b)(4).

Still, "[n]ot every police or regulatory action is automatically exempt . . . ." Commonwealth of Mass. v. First Alliance Mortg. Co. (In re First Alliance Mortg. Co.), 263 B.R. 99, 107 (9th Cir. BAP 2001). Under Ninth Circuit precedent, the bankruptcy court was required to apply two tests in its effort to determine whether the Commissioner's proposed actions fall within the scope of § 364(b)(4)'s exception to the automatic stay: the "pecuniary purpose" test and the "public policy" test. In re Universal Life Church, Inc., 128 F.3d 1294, 1297 (9th Cir. 1997). Satisfaction of either test is sufficient for the exemption to apply. Lockyer v. Mirant Corp., 398 F.3d 1098, 1108 (9th Cir. 2005).

These tests are applied by analyzing the individual claims the Commissioner intended to assert against Mr. Yun. City and County of San Francisco v. PG & E Corp., 433 F.3d 1115, 1125 (9th Cir.), cert. denied, 549 U.S. 882 (2006) ("PG & E"). Further, in applying the tests, the bankruptcy court was governed by three underlying principles. First, exceptions to the automatic stay are interpreted narrowly. In re First Alliance Mortg. Co., 263

-14-

B.R. at 106 (citing In re Dunbar, 235 B.R. 465, 470 (9th Cir. BAP 1999), aff'd, 245 F.3d 1058 (9th Cir. 2001)).  Second, "[s]tate . . . governmental units cannot, by an exercise of their police or regulatory powers, subvert the relief afforded by the federal bankruptcy laws."  Thomassen v. Div. of Med. Quality Assurance, Dept. of Consumer Affairs, State of Cal. (In re Thomassen), 15 B.R. 907 (9th Cir. BAP 1981).  Third, a debtor's right to his discharge is protected by a broad injunction.  See, e.g., Espinosa v. United Student Aid Funds, Inc., 553 F.3d 1193 (9th Cir. 2008), aff'd, 130 S. Ct. 1367 (2010).

As commonly stated in the case law, "[u]nder the 'pecuniary purpose' test, the bankruptcy court must determine 'whether the government action relates primarily to the protection of the government's pecuniary interest in the debtor's property or to matters of public safety and welfare.'"  In re First Alliance Mortg. Co., 263 B.R. at 107 (quoting In re Universal Life Church, Inc., 128 F.3d at 1297).  Under the "public purpose" test, the bankruptcy court must determine whether the Commissioner seeks to "effectuate public policy" or to adjudicate "private rights."  Lockyer v. Mirant, 398 F.3d 1098, 1109 (9th Cir. 2005).  These are both factual determinations to be made based on the presentation of evidence.

As we noted previously, the bankruptcy court made no written factual findings, and we have no transcript before us to determine what findings the court may have made at the Hearing.  Because our role is to review the facts found by the bankruptcy court, we must have those facts before us on appeal when we are asked to decide that the bankruptcy court has committed error.

-15-

If the bankruptcy court failed to make factual findings, as suggested by the Commissioner at oral argument, we could remand for it to make findings. However, in the absence of the transcript, we cannot know that the bankruptcy court did not make the requisite findings upon which to base its order. Because the Commissioner did not provide a transcript of the Hearing for our review, we may presume that nothing that happened at the Hearing would aid his case on appeal. Gionis v. Wayne (In re Gionis), 170 B.R. 675, 681 (9th Cir. BAP 1994), aff'd, 92 F.3d 1192 (9th Cir. 1996).

## VI.  CONCLUSION

Based on the foregoing analysis, and in light of the inadequate record provided by the Commissioner, we AFFIRM.