**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-19-1011-TaSKu |
| PAMELA DIANE LAWSON, | Bk. No. 8:18-bk-13376-ES |
| Debtor. | |
| PAMELA DIANE LAWSON, | |
| Appellant, | |
| v. | MEMORANDUM[*] |
| WELLS FARGO BANK, N.A.; WELLS FARGO BANK, N.A., as Trustee for Option One Mortgage Loan Trust 2007-3, Asset-Backed Certificates, Series 2007-3; AMRANE COHEN; SAND CANYON CORPORATION, | |
| Appellees. | |

Submitted Without Oral Argument on July, 18, 2019
at Pasadena, California

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Filed – July 31, 2019

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Erithe A. Smith, Bankruptcy Judge, Presiding

_____

Appearances:      Appellant Pamela Lawson pro se on brief; Michael J.
                  Hassen of REALLAW, APC on brief for Appellee Sand
                  Canyon Corporation f/k/a Option One Mortgage
                  Corporation.

_____

Before: TAYLOR, SPRAKER, and KURTZ, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtor Pamela Lawson appeals an order dismissing her
case after the bankruptcy court denied confirmation of her chapter 13 plan
because it concluded that she was not appropriately pursuing a chapter 13
case. Her plan did not propose plan payments, did not specify the plan
term, and did not provide for payment to Wells Fargo Bank, N.A., her only
significant creditor.

On appeal, Ms. Lawson fails to persuade us that the bankruptcy court

_____

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules
of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of
Civil Procedure.

abused its discretion. Accordingly, we AFFIRM.

## FACTS

In 2006, Ms. Lawson obtained a $582,250 loan from Sand Canyon f.k.a Option One Mortgage Corporation ("Option One"), evidenced by a note and secured by a deed of trust encumbering real property located in Costa Mesa, California (the "Property"). In 2009, Option One assigned the loan to Wells Fargo. Ms. Lawson promptly defaulted.

In September 2018, Ms. Lawson filed this chapter 13 petition.[2] She disclosed two earlier bankruptcy cases, a successful chapter 7 and a brief-lived chapter 11 (her husband had previously filed his own chapter 13 petition). The Lawsons had also initiated a state court action against Wells Fargo.

Ms. Lawson scheduled the Property, valued it at $700,000, and listed Option One as holding a $582,250 secured interest in the Property. She scheduled Ocwen Loan Servicing, LLC, with a $350,000 unsecured claim and Wells Fargo with two disputed claims. Her Schedule J reflected a monthly net income of $2,516.25.

Ms. Lawson's first plan provided for monthly payments of $3,483.75 for three months and named Ms. Lawson as the disbursing agent. It

---

[2] We **grant** Appellee's request for judicial notice. We also exercise our discretion to take judicial notice of documents filed in the bankruptcy case. *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

provided no treatment for any secured creditor. Wells Fargo objected because the plan would modify its claim, which was secured by Ms. Lawson's principal residence. Ms. Lawson responded that Wells Fargo was a fake creditor who lacked standing and relied on corrupted, forged, and invalid assignments of deeds of trust.

Wells Fargo filed a $959,064.97 proof of claim. It attached an accounting showing that no payments had been made since 2010 and copies of the signed loan modification documents; a trust deed listing Option One as the initial beneficiary; a recorded trust deed assignment to Wells Fargo; and a signed note and attached allonge making the note payable to Wells Fargo.

Ms. Lawson next filed an amended plan that specified neither the amount of plan payments nor the plan's term. It did, however, propose a "100%," $3,000 distribution to unsecured claims, $0 to Option One on account of its $582,250 scheduled claim, and noted that Ms. Lawson would file a motion to avoid Option One's lien because the transfer was robosigned.

The plan and amended plan received several objections. The Trustee objected to confirmation of the initial plan and sought dismissal or conversion to chapter 7, in part, because Ms. Lawson had not made any plan payments. Wells Fargo objected to confirmation of the amended plan, arguing that Ms. Lawson could not modify its lien on the Property. Option

One then objected because it was listed as a creditor even though it had assigned the debt; it then covered all possible bases: to the extent it was the secured creditor, it objected because it did not consent to the proposed treatment of no payments and, alternatively, to the extent Wells Fargo was the secured creditor, Option One objected because Wells Fargo had not consented to the proposed treatment.

In her opposition, Ms. Lawson argued that Option One's attorney's declaration was not trustworthy. The day before the confirmation hearing, she also filed an "addendum" proposing that the proof of claim deadline be extended so that the alleged secured creditors could submit proof that they were secured.

At the confirmation hearing, the Trustee reported that Ms. Lawson had made no plan payments. The bankruptcy judge explained that, because the plan proposed no payments, there was no purpose for the bankruptcy proceeding. When Ms. Lawson stated that she would like to pay but did not know whom to pay, the bankruptcy judge recounted:

> Option One has said they don't hold the debt anymore, but they assigned it to someone else. . . . I absolutely cannot confirm a plan that does not provide for plan payments. . . . And, in fact, no creditor other than Wells Fargo has even filed a claim. . . . So if there's not going to be a provision for Wells Fargo, then there's no point in this chapter 13.

Hr'g Tr. (Dec. 21, 2018) 3:20–4:16. Option One's counsel reiterated that it was not the secured creditor and confirmed that Wells Fargo was.

Ms. Lawson then asked for a thirty day continuance, which the bankruptcy judge denied. The bankruptcy judge then summarized why dismissal of the plan, as amended, was appropriate: "[A]t this point, since you're not prepared to make payments to Wells Fargo, there's no point to this Chapter 13." *Id.* at 9:3–5.

The bankruptcy court entered a separate order dismissing the case. Ms. Lawson timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 1334, 157(b)(2)(A) and (L). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err when it dismissed the case?

## STANDARD OF REVIEW

We review the bankruptcy court's dismissal of the chapter 13 case for an abuse of discretion. *Schlegel v. Billingslea (In re Schlegel)*, 526 B.R. 333, 338 (9th Cir. BAP 2015). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). We may affirm on any basis supported by the record. *California v. Yun (In re*

*Yun)*, 476 B.R. 243, 251 (9th Cir. BAP 2012).

## DISCUSSION

Section 1307(c) sets forth a nonexclusive list of factors that constitute "cause" for conversion or dismissal of a chapter 13 case, including a failure to commence making timely plan payments and denial of confirmation and a denial of a request for additional time to file a new plan. *See* 11 U.S.C. § 1307(c); *Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth)*, 455 B.R. 904, 915 (9th Cir. BAP 2011). And a "debtor's unjustified failure to expeditiously accomplish any task required either to propose or confirm a chapter 13 plan may constitute cause for dismissal under § 1307(c)(1)." *de la Salle v. U.S. Bank, N.A. (In re de la Salle)*, 461 B.R. 593, 605 (9th Cir. BAP 2011) (quoting *In re Ellsworth*, 455 B.R. at 915).

On appeal, Ms. Lawson argues that the bankruptcy court erred; she seeks reversal so that "the alleged secured CREDITORS can prove with verifiable evidence that they have standing . . . . [And u]pon validation of the authenticity of the alleged secured CREDITORS, then the estate of PAMAELA [sic] D. LAWSON can present an Amended Chapter 13 Plan to settle DEBT obligations." Opening Br. at 2–3. Although we liberally construe Ms. Lawson's briefs due to her pro se status, *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 883 (9th Cir. BAP 1995), her position has no merit.

To start, although not relied on by the bankruptcy court, Ms. Lawson does not dispute that she had not made any payments as contemplated in

7

the initial plan. This alone justifies dismissal. 11 U.S.C. § 1307(c)(4).

Further, however, the bankruptcy court correctly concluded that Ms. Lawson's plan was not confirmable in several respects. First, the plan did not provide for monthly plan payments or submission of them to the chapter 13 trustee. Section 1322(a) states that the plan "shall provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan[.]" 11 U.S.C. § 1322(a)(1). On appeal, Ms. Lawson does not dispute this; instead, she states that her "addendum" provided for a repayment plan. It did not.

Also, the plan failed to properly provide for the claim secured by Ms. Lawson's residence, the Property. Putting aside the question of who held the claim, Ms. Lawson's first amended plan proposed bifurcating the claim and paying it $0. But § 1322(b)(2) prohibits chapter 13 plans from modifying the rights of a creditor secured by a claim against the debtor's principal residence. 11 U.S.C. § 1322(b)(2).

The plan also failed to appropriately provide for Wells Fargo's secured claim. Section 1325(a)(5) requires one of three alternative treatments for a secured creditor whose claim is included in a chapter 13 plan: "treatment to which the secured creditor consents; retention of collateral by the debtor with a stream of payments to the secured creditor; or surrender of the collateral to the secured creditor." *Trejos v. VW Credit,*

*Inc. (In re Trejos)*, 374 B.R. 210, 214 (9th Cir. BAP 2007). Here, Wells Fargo filed a $959,064.97 proof of claim secured by the Property. While Wells Fargo was not named in the plan, its proof of claim and the record in the case make clear that while the plan named Option One, the real-estate secured debt addressed in the plan was at bottom the claim now asserted by Wells Fargo. Ms. Lawson proposed retaining the Property while making no payments to Wells Fargo. Wells Fargo did not consent, and $0 was not equal to the present value of its allowed, secured claim.

On appeal, Ms. Lawson argues that the "addendum" she filed on the eve of the hearing provided for payment. We disagree. In the addendum, Ms. Lawson suggested requiring Wells Fargo (or any other alleged secured creditor) to "validate" their debt before they could receive payment or surrender of collateral. What Ms. Lawson misunderstands is that Wells Fargo *had* submitted proof of its debt—it filed a proof of claim, which, in addition to being allowed unless a party objected, 11 U.S.C. § 502(a), was prima facie evidence of the legitimacy of its claim. Fed. R. Bankr. P. 3001(f). Ms. Lawson did not object to the presumptively valid claim and her proposed amendment was unnecessary because the Code provided an appropriate mechanism to accomplish this very end.

Accordingly, the bankruptcy court correctly concluded that Ms. Lawson's plan was not confirmable. But this, standing alone, does not warrant case dismissal. *Cf.* 11 U.S.C. § 1307(c). Although the bankruptcy

court did not explicitly identify what prong of § 1307(c) it was dismissing the case under, we conclude that dismissal was warranted under § 1307(c)(1) or § 1307(c)(5), in addition to § 1307(c)(4), as identified above.

Section 1307(c)(1) permits the bankruptcy court to dismiss a chapter 13 case based on unreasonable delay that is prejudicial to creditors. Here, Ms. Lawson was not willing to amend the plan to provide for ongoing payments to the secured creditor; instead, she wanted to wait an additional thirty (or more) days for Wells Fargo to "validate" its debt to her satisfaction. She did not propose making even escrowed payments of net income during that time; instead, the record reflects a desire for an unbonded injunction via the automatic stay and not an attempt at curative payment over time. As a result, dismissal was proper because Ms. Lawson was not prepared to propose a Code-compliant chapter 13 plan.

Under § 1307(c)(5), denial of plan confirmation and denial of a request for additional time for filing another plan is also cause for dismissal. *In re Ellsworth*, 455 B.R. at 917. Dismissal under this section "often requires an express request for additional time to file a plan, and a denial thereof." *Id.* Here, Ms. Lawson asked for a thirty day continuance, and the bankruptcy judge denied that request. When the hearing transcript is read in conjunction with Ms. Lawson's "addendum", it is clear that Ms. Lawson sought the thirty day continuance to modify her plan. As a

result, dismissal was warranted under § 1307(c)(5).[3]

## CONCLUSION

Based on the foregoing, we AFFIRM.

---

[3] When dismissing the case, the bankruptcy judge sought Ms. Lawson's input on whether she preferred dismissal or conversion. The bankruptcy judge did not, however, explicitly conduct the required "best interest of creditors" analysis before dismissing the case. *See In re Schlegel*, 526 B.R. at 343 n.10. Nonetheless, on this record dismissal was in the best interest of creditors and the estate.