**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ARA ERIC HUNANYAN,<br><br>               Debtor. | BAP No. CC-23-1013-LSG<br><br>Bk. No. 1:21-bk-10079-MT |
| ARA ERIC HUNANYAN,<br>              Appellant,<br>v.<br>LUCY MEGUERIAN; HOVIK<br>MEGUERIAN,<br>              Appellees. | Bk. No. 1:21-ap-01036-MT<br><br>**MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the District of California
Maureen A. Tighe, Bankruptcy Judge, Presiding

Before: LAFFERTY, SPRAKER, and GAN, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Ara Eric Hunanyan appeals a judgment entered in

his favor as well as an order denying his motion to recuse the bankruptcy

---

    \* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

    [1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil

1

judge that entered the judgment. His arguments have no merit and we AFFIRM.[2]

## FACTS[3]

### A. Background

Hunanyan was engaged in a marital dissolution proceeding in family court in Los Angeles with his ex-wife, Azniv Kokikian. Ms. Kokikian passed away during that proceeding (and before the commencement of this bankruptcy case). The family court entered a money judgment against Hunanyan in that matter in excess of $1 million. The family court also ordered the sale of the family residence and two other real properties determined by the family court to be community property.

Hunanyan filed his chapter 7 petition on January 19, 2021. Ms. Kokikian's probate estate timely filed a proof of claim No. 4 ("POC") which was based on the family court judgment. Hunanyan filed an objection to the POC largely attacking the family court, its jurisdiction and its findings. The probate estate opposed the objection and the bankruptcy court overruled the objection. That ruling was not appealed.

While the claim objection was pending, Hunanyan filed an adversary proceeding in bankruptcy court against the two personal representatives of

---

Procedure.

[2] Appellees Hovik Meguerian and Lucy Meguerian did not file briefs nor participate in this appeal.

[3] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and adversary proceeding. *See Atwood v. Chase*

the probate estate, Hovik Meguerian and Lucy Meguerian, and the estate's attorney Lisa Rosenthal (who also represented Ms. Kokikian in the family law matter). The complaint again objected to the POC and also sought to avoid a real property lien in the amount of $130,700 alleged to have been fraudulently incurred by Ms. Kokikian. Largely repeating the arguments made in the objection to the POC, the complaint attacked the rulings of the family court and concluded that the POC should be disallowed "in its entirety because it is based on a Judgment in the Family Court . . . which is VOID . . . "

Hunanyan later amended the complaint to remove Ms. Rosenthal as a defendant and to add a claim for declaratory relief seeking a finding that any debt he might owe the probate estate based on the family court judgment was discharged notwithstanding § 523(a)(15) (the "Amended Complaint").

The defendants filed a motion to dismiss the Amended Complaint pursuant to Civil Rule 12(b)(6), made applicable to this proceeding by Rule 7012(b), asserting that Hunanyan lacked standing to object to the POC, and that issue preclusion barred him from objecting again to the POC and from relitigating the issues decided in the family court proceeding. The bankruptcy court granted the motion to dismiss the Amended Complaint without leave to amend.

---

*Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Hunanyan also filed a "Verified Statement to Disqualify Judge Maureen Tighe [FRBP 5004 / 28 U.S.C. 455(a), (b1)] [sic]" (the "First Recusal Motion"). The asserted basis for recusal was that the court was biased against him and had engaged in alleged inappropriate conduct in the case. The bankruptcy court assigned the First Recusal Motion to a different bankruptcy judge[4] who denied the motion as meritless.

## B.    The first appeal

Hunanyan appealed to the BAP seeking reversal of both the denial of the First Recusal Motion and the dismissal of his adversary complaint. The Panel affirmed in part and reversed in part in an unpublished memorandum decision. *Hunanyan v. Meguerian (In re Hunanyan)*, Case No. CC-21-1224-SGF, 2022 WL 3012565 (9th Cir. BAP July 26, 2022), *appeal dismissed*, Case No. 22-60044, 2023 WL 2674639, at *1 (9th Cir. Jan. 30, 2023).

As to the First Recusal Motion, the Panel noted that Hunanyan's complaints were, at best, based on "mere speculation and innuendo that cannot support recusal." *Id.* at *6. It viewed the arguments as largely an attempt "to show that the court erred in its prior decisions." *Id.*

The BAP affirmed the bankruptcy court's decision to dismiss the first and third claims set forth in the complaint: the objection to the POC, and avoidance of the lien. The BAP also affirmed the ruling that Hunanyan could not "relitigate the bankruptcy court's denial of his claim objection by recasting it as a claim for relief in a subsequent adversary proceeding."

---

[4] Judge Geraldine Mund.

(citations omitted). *Id.* at *7. The BAP affirmed the lien avoidance ruling, agreeing that it was barred by claim preclusion. And while the BAP agreed that Hunanyan had a number of arguments about why the family court erred, *Rooker-Feldman* prevented the federal bankruptcy court from reviewing the family court decision. *Id.* at *8.

Finally, the BAP reversed the bankruptcy court's dismissal of the second claim for relief in the complaint: declaratory relief regarding the applicability of § 523(a)(15) to Hunanyan's debt to the probate estate, and remanded on the basis that Hunanyan had stated a legally viable claim for relief which should not have been dismissed.

## C.     The bankruptcy court's rulings on remand

On remand, the bankruptcy court scheduled a status conference and, by later order, advised the parties that they "may" file a brief "explaining their position as to whether the debt to [the probate estate] is discharged against Debtor Ara Eric Hunanyan under 11 U.S.C. 523(a)(15)." None of the parties filed a brief until the day of the continued status conference, January 9, 2023, when Hunanyan filed a brief supporting his position that the debt was discharged.[5]

---

[5] Defendants' counsel (according to the bankruptcy court's later ruling) commented at the first status conference that defendants did not file the suggested brief as they did not oppose entry of judgment in Hunanyan's favor "because he appears to be 'judgment proof.'" Hunanyan did not include the transcripts of the initial or the final status conferences in his excerpts of record.

At the same time, Hunanyan filed another "Verified Statement to Disqualify Judge Maureen Tighe [FRBP 5004/28 U.S.C 455; 28 U.S.C. 144]" seeking, for a second time, to compel the bankruptcy court to recuse itself (the "Second Recusal Motion"). Hunanyan asserted that the request was timely because "it is filed with the first opportunity after the facts of disqualification became apparent . . . " The Second Recusal Motion again provided a laundry list of complaints about the court's rulings, alleged "cover-up" of various matters, violations of rules, and failure to provide due process, etc. It largely repeated the allegations in the First Recusal Motion including repeating verbatim the summary of the specific facts alleged to establish the court's bias.

At the January 9 hearing, the bankruptcy court concluded that judgment would be entered **in favor of Hunanyan** on the § 523(a)(15) claim for relief. The judgment noted the court's tentative ruling which cited a superseded version of § 523(a)(15)[6] as the legal basis for the ruling as well as the defendants' concession at the earlier hearing that they did not oppose that result.

As to the Second Recusal Motion, the court noted that the motion was filed "less than three hours before the continued hearing on other matters

---

[6] The court cited a version of § 523(a)(15) which provided at the time that a debt described therein would be discharged only "if paying the debt would reduce the debtor's income below that necessary for the support of the debtor and the debtor's dependents. . . . The debt will also be discharged if the benefit to the debtor of discharging it outweighs the harm to the obligee." BAPCPA amended the section

6

in this adversary proceeding and others." The court denied the motion "[f]or the reasons stated on the record at the January 9, 2023 hearing."

Hunanyan timely appealed both rulings.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err by entering judgment in Hunanyan's favor?

Did the bankruptcy court abuse its discretion by denying the Second Motion to Recuse?

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's conclusions of law, including its interpretation of provisions of the Bankruptcy Code. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014). When we review a matter de novo, we give no deference to the bankruptcy court's decision. *Id.*

We also review de novo "whether the trial court complied with an appellate mandate on remand." *de Jong v. JLE-04 Parker, L.L.C. (In re de Jong)*, 588 B.R. 879, 888 (9th Cir. BAP 2018) (citing *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Off. of Admin. Hearings*, 758 F.3d 1162, 1170 (9th Cir. 2014)), *aff'd*, 793 F. App'x 659 (9th Cir. 2020).

striking that language. PL 109–8, April 20, 2005, 119 Stat 23.

We review for an abuse of discretion the bankruptcy court's denial of Hunanyan's Second Recusal Motion. *Hale v. U.S. Tr. (In re Basham)*, 208 B.R. 926, 930 (9th Cir. BAP 1997), *aff'd sub nom., Hale v. U.S. Tr. (In re Byrne)*, 152 F.3d 924 (9th Cir. 1998). The bankruptcy court abused its discretion if it applied the wrong legal standard or if its findings were illogical, implausible, or without support in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

We may affirm on any basis supported by the record. *Black v. Bonnie Springs Fam. Ltd. P'ship (In re Black)*, 487 B.R. 202, 211 (9th Cir. BAP 2013).

## DISCUSSION

Hunanyan's arguments to the Panel, for the most part, repeat his arguments from the prior appeal. As to why the Panel should reverse a judgment declaring that the family related debt he owed is discharged notwithstanding § 523(a)(15), Hunanyan asserts that, on remand, the bankruptcy court should have "reinstate[d] the dismissed Adversary Proceeding to conduct necessary fact findings, discovery, counterclaims of Appellant in form of recoups and/or setoffs claimed by Appellant/Defendant in FAC."

8

**A.** **Hunanyan's arguments attacking the POC and the family court judgment have been disposed of by the BAP and may not be relitigated here.**

Hunanyan's first argument on appeal is that the "Family Court Judgment is void and BK Court [sic] should set it aside using its equitable power." This argument is frivolous.

In the first appeal, the BAP affirmed the bankruptcy court's previous dismissal of Hunanyan's adversary claims objecting to the probate estate's POC, and his request to avoid a lien. The BAP expressly addressed his argument at that time that the state court judgment was void stating "we reject Hunanyan's argument challenging the bankruptcy court's claim preclusion ruling based on the purported voidness of the dissolution judgment." *In re Hunanyan*, 2022 WL 3012565 at *9. The BAP affirmed the bankruptcy court's ruling on the lien avoidance claim stating that the claim "was barred by claim preclusion because it should have been resolved as part of the dissolution proceedings." *Id.* at *5, 8-9.

Hunanyan cannot treat his appeal of a judgment entered largely in his favor as an opportunity to reargue matters already considered and ruled upon by the previous Panel. Nor can he be permitted, via a second appeal, to contest matters he lost the first time; especially in an appeal where he won on a significant matter, i.e., reversal of the dismissal of the declaratory relief claim.

**B.** **The bankruptcy court's authority on remand was limited to consideration of Hunanyan's claim for relief under § 523(a)(15).**

Hunanyan asserts that the bankruptcy court should have reinstated "the dismissed Adversary Proceeding." This assertion makes no sense since the BAP affirmed the bankruptcy court's ruling dismissing the first two claims and we have no power to rehear that appeal. Further, the bankruptcy court's jurisdiction on remand is limited to executing the appellate court mandate. As the BAP instructed in *In re de Jong*:

> Under the "rule of mandate," the trial court must adhere to the appellate court's decision: "The rule of mandate is similar to, but broader than, the law of the case doctrine. The rule provides that any district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it. The trial court commits jurisdictional error if it takes actions that contradict the mandate."

588 B.R. at 889 (cleaned up).

Hunanyan argues on appeal that the bankruptcy court had a renewed duty "to conduct any type of further considerations and/or proceedings to clarify facts and law presented by Appellant earlier in his FAC in Adversary Proceeding pursuant the remand order of this Court [sic]." We disagree and Hunanyan offers no legal support for this position.

The BAP's mandate from the first appeal was that the bankruptcy court reinstate Hunanyan's claim for relief under § 523(a)(15). The bankruptcy court did that and entered judgment in favor of Hunanyan.

The bankruptcy court had no jurisdiction to do anything else, including "reinstate" the adversary proceeding. The court had no ability to "vary or examine" the BAP's mandate to reinstate the claim for declaratory relief under § 523(a)(15).

Further, on remand to the bankruptcy court, Hunanyan did not request or move the bankruptcy court to "reinstate the dismissed adversary proceeding" even though the bankruptcy court invited him to explain his position on the § 523(a)(15) claim prior to the status conference. Hunanyan had three months between the court's setting of the first status conference hearing on the remand order and the actual hearing on January 9, 2023, to make his views known, make this specific request, and give the bankruptcy court and the parties time to consider it. Arguments not made before the bankruptcy court are waived. "A litigant may waive an issue by failing to raise it in a bankruptcy court." *Mano-Y & M, Ltd. v. Field (In re Mortg. Store, Inc.),* 773 F.3d 990, 998 (9th Cir. 2014). "There is no bright-line rule to determine whether a matter has been properly raised. A workable standard, however, is that the argument must be raised sufficiently for the trial court to rule on it." *O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.),* 887 F.2d 955, 957 (9th Cir. 1989) (citations omitted).

And as Hunanyan did not provide us with transcripts of the hearings, the Panel may assume there is nothing in the transcripts that he believes will help his position on appeal and may either dismiss or summarily affirm the appeal for failure to provide the necessary

11

transcripts. 9th Cir. BAP R. 8009-1; *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 680-81 (9th Cir. BAP 1994), *aff'd*, 92 F.3d 1192 (9th Cir. 1996); *California v. Yun (In re Yun)*, 476 B.R. 243, 253-54 (9th Cir. BAP 2012). On the record before us, we are unable to determine what arguments were raised at the hearing, or the basis for which, if raised, they were rejected. The lack of the transcript hinders our appellate review. *See Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 393–94 (9th Cir. BAP 2004), *aff'd,* 170 F. App'x 457 (9th Cir. 2006). We discern no error on this record.

Even if the argument was orally raised before the bankruptcy court and rejected, the rejection was appropriate as the BAP's mandate limited the bankruptcy court to consideration of the single issue noted. The bankruptcy court had no legal authority to reconsider the arguments rejected previously by it and affirmed by the BAP.

## C.     The bankruptcy court did not err in denying Hunanyan's Second Recusal Motion.

Hunanyan's Second Recusal Motion repeated the same arguments rejected by the BAP in the first appeal as "baseless." *In re Hunanyan,* 2022 WL 3012565 at *17. We will not revisit those arguments. His argument to the Panel is limited to the bankruptcy court's use of a superseded statute from which he concludes that the court was therefore prejudiced against him. He offers no factual or legal support for this argument in the brief filed in this appeal.

12

Further, Hunanyan again did not include the transcript of the hearing in which the bankruptcy court explained its ruling. We are therefore unable to review the court's reasoning for its denial of the motion. When findings of fact and conclusions of law are made orally on the record, a transcript of those findings is mandatory for appellate review. *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 416-17 (9th Cir. BAP 1999).

## D. The bankruptcy court's mis-citation of § 523(a)(15) is harmless error.

As Hunanyan notes, the bankruptcy court cited a superseded version of § 523(a)(15) as the legal support for the judgment in Hunanyan's favor. Hunanyan argues that the debt to his former spouse was discharged, not on the superseded language but on the current iteration of § 523(a)(15) which states:

> [a debt is not discharged if it is owed] to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15).

Hunanyan argues, and we agree, that § 523(a)(15) does not apply when the debt is owed, not to the former spouse, but to a probate estate. *See Hisaw v. Hisaw (In re Poppleton)*, 382 B.R. 455, 459 (Bankr. D. Idaho 2008) ("While state law may grant the probate estate the legal right to collect a

13

debt arising under the divorce decree, such an obligation is subject to discharge in Defendant's bankruptcy case.") The statutory language "to a spouse, former spouse, or child of the debtor" was not changed in the BAPCPA amendments in 2005. Therefore the legal basis for the bankruptcy court's ruling, that the debt is no longer owed to the former spouse and therefore § 523(a)(15) does not apply, is correct irrespective of the version of the Bankruptcy Code then in effect.

Accordingly, the bankruptcy court's citation to the wrong version of § 523(a)(15) is harmless error.

## CONCLUSION

For these reasons set forth above, we AFFIRM.