In re Dale ATKINS and Anna Atkins, Debtors.

Dale D. ATKINS, Appellant,

v.

FIBERGLASS REPRESENTATIVES, INC., a California Corporation, Appellee.

BAP No. EC–91–1304–RJP.

Bankruptcy No. 287–00156–A–7.

Adv. No. 287–0153/CLB–1.

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Argued and Submitted on Nov. 21, 1991.

Decided Jan. 7, 1992.

Clarence L. Baker, Sacramento, Cal., for appellant.

Richard A. Frankel, Danville, Cal., for appellee.

Before RUSSELL, JONES and PERRIS, Bankruptcy Judges.

RUSSELL, Bankruptcy Judge:

An earnings withholding order was issued against the debtor's community property wages to satisfy a nondischargeable debt incurred by his spouse. The debtor later filed a motion for relief from the withholding order alleging that since his

marriage had subsequently been dissolved, his wages were no longer community property. The bankruptcy court found the dissolution to be a sham and denied the motion. The debtor appealed. We affirm.

## I. FACTS

Dale and Anna Atkins filed a joint Chapter 7 petition.[1] On November 15, 1988, the bankruptcy court found the debt owed by debtor Anna Atkins to Appellees Fiberglass Representatives, Inc., (hereinafter "FRI") to be nondischargeable.[2] On October 19, 1989, the bankruptcy court granted FRI's motion for the issuance of an earnings withholding order against Dale Atkins. The court determined that because Dale and Anna Atkins were married, Dale's earnings were community property subject to satisfaction of FRI's judgment. Dale and Anna obtained a judgment of dissolution from the California Superior Court on August 8, 1990, terminating their marriage of seventeen years.

On October 15, 1990, Dale Atkins filed a motion for relief from the earnings withholding order because of the marriage dissolution and requested that FRI be required to restore to him all funds withheld as of the dissolution date. Dale Atkins argued that the termination of his status as married terminated the characterization of his earnings as community property under California law. Alternatively, Dale Atkins requested that the bankruptcy court vacate the October 19, 1989 withholding order as void and restore all funds withheld after that date. This relief was sought under Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b)(5) and (b)(6)(hereafter "Rule 60(b)").

FRI responded by arguing that the attack on the October 19, 1989 order was not timely and that the marriage dissolution was a sham transaction entered into for the sole purpose of defeating FRI's claim against the community property. The

bankruptcy court agreed and denied Dale Atkins' motion in an order entered on March 27, 1991.

The bankruptcy court indicated in its Findings of Fact and Conclusions of Law that the dissolution was indeed a sham intended to defeat the FRI's right to enforce its judgment and, as such, Rule 60(b)(5) and (b)(6) could not be used to grant Dale Atkins relief. Further, the court held that Dale Atkins was precluded from raising the community claim issue because both the judgment of nondischargeability and the earnings withholding order had become final.

## II. ISSUES

1. Whether the merits underlying the issuance of an earnings withholding order may be challenged and the order vacated as void under Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(b) after the time for appeal has expired.

2. Whether the bankruptcy court abused its discretion in denying the motion for relief from a judgment where the marriage dissolution was declared to be a sham leaving no reason to justify the granting of relief from an earnings withholding order.

## III. STANDARD OF REVIEW

We review a motion for relief from judgment under Rule 60(b) for an abuse of discretion. *Matter of Roach*, 660 F.2d 1316, 1318 (9th Cir.1981). Findings of fact are reviewed under the clearly erroneous standard, while conclusions of law are reviewed *de novo*. *In re Holm*, 931 F.2d 620, 622 (9th Cir.1991); Bankruptcy Rule 8013.

## IV. DISCUSSION

Dale Atkins' appeal is essentially based on two grounds. First, that the original earnings withholding order was erroneous because of a misapplication of California

---

1. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

2. The nondischargeability order was based upon Anna Atkins' embezzlement of funds while in

the employ of FRI. The court found, in its order of November 15, 1988, that FRI was damaged in the amount of $287,000 by virtue of Anna Atkins' conduct.

community property law. Second, that the changed circumstances of the dissolution of marriage justifies relief from the judgment under Bankruptcy Rule 9024 and Rule 60(b). We find neither argument affords a basis to set aside the bankruptcy court's ruling.

### A. *A Motion For Relief From An Order Cannot Substitute For An Appeal When No Timely Appeal Was Made.*

#### 1. *The withholding order was final and appealable.*

■ Dale Atkins contends that the bankruptcy court misapplied the relevant California law concerning community property as to the original withholding order and seeks to recover all funds paid out to FRI. This challenge should have been raised at the hearing or subsequently by appeal. Atkins' motion amounts to an attempted appeal of the order on the merits. The time allowed for appeal of this order has long since passed. Dale Atkins cannot now be allowed to relitigate the merits.

Bankruptcy Rule 8002(a), which governs the time allowed for the appeal of a bankruptcy court judgment, order or decree, states:

> **Rule 8001. Manner of Taking Appeal; Voluntary Dismissal.**
>
> **(a) Appeal as of Right; How Taken.** An appeal from a final judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002.
>
> **Rule 8002. Time for filing Notice of Appeal. (a) Ten–Day Period.** The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.

On October 19, 1989, the bankruptcy court entered the order granting FRI's motion for the issuance of the earnings withholding order against Dale Atkins. Dale Atkins failed to object to that determination and failed to appeal the order within ten days. This panel does not have jurisdiction to reconsider the merits underlying the order.

Atkins argues that his appeal rights never began to run because he was never a party to the judgment of nondischargeability: essentially, that he has not had his day in court. This argument, however, ignores the basic fact that he was a party to the proceeding culminating in the October 19, 1989 earnings withholding order.

California Code of Civil Procedure § 706.109 (West Supp.1991) provides that an earnings withholding order may not be issued against the earnings of a spouse of a judgment debtor except by court order upon noticed motion. On October 16, 1989, the bankruptcy court held a hearing on the motion for the earnings withholding order pursuant to this California law. Atkins was afforded an opportunity to assert opposition and argue the merits at that hearing. He was duly noticed and appeared at that hearing through counsel. He prepared opposition papers to the motion, but they were stricken by the court as being untimely filed. Dale Atkins did not appeal this order. Hence, Atkins has been afforded the opportunity to present his case. Any defense that the debt was not a community claim should have been raised at that time. Principles of *res judicata* and collateral estoppel preclude raising the issue at this time. Almost one year later, Dale Atkins seeks to challenge this determination on the merits.[3]

#### 2. *Rule 60(b) is not available to attack the merits of an order as a substitute for an appeal.*

■ Bankruptcy Rule 9024 adopts Rule 60 with exceptions not applicable here. Dale Atkins may not use Rule 60(b) as an

---

**3.** Dale Atkins attempts on appeal to create the impression that he was unaware of the nondischargeability action and that he is surprised by the prospect of his potential liability. The facts suggest otherwise. In reality, Dale Atkins subjected himself to the settlement agreement in payment of this debt owed to FRI before the bankruptcy. Both Anna and Dale signed the agreement to repay the embezzled funds to FRI without any attempt at partitioning the obligations. Dale makes no attempt for reimbursement from Anna. Further, Dale provided a written statement of testimony in the adversary proceeding to determine dischargeability. These facts indicate he was indeed aware of the action.

alternative to an appeal to obtain a reconsideration of the merits and declare the original judgment void. Ninth Circuit decisions have settled that Rule 60(b) is not a substitute avenue for appeal: "Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal." *Title v. United States*, 263 F.2d 28, 31 (9th Cir.1959), *cert. denied*, 359 U.S. 989, 79 S.Ct. 1118, 3 L.Ed.2d 978 (1959). "An appeal from a denial of a Fed.R.Civ.P. 60(b) motion does not bring up the underlying judgment for review." *Matter of Roach*, 660 F.2d 1316, 1318 (9th Cir.1981) (quoting *Browder v. Director, Dept. of Corrections*, 434 U.S. 257, 263, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978), and *United States v. Russell*, 578 F.2d 806, 807 (9th Cir.1978) (per curiam)); *In re Martinelli*, 96 B.R. 1011, 1013 (9th Cir. BAP 1988).

> The provisions of Rule 60(b)(6) were not intended to benefit the unsuccessful litigant who long after the time during which an appeal from a final judgment could have been perfected first seeks to express his dissatisfaction. The procedure provided by rule 60(b) is not a substitute for an appeal.

*Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (*quoting Morse-Starrett Products Co. v. Steccone*, 205 F.2d 244, 249 (9th Cir.1953)). Determinations of law and fact made by the bankruptcy court that should have been challenged by the appellate process are final under the principles of *res judicata* and collateral estoppel and cannot be reexamined here. These findings include the determination of nondischargeability, the determination of Dale Atkins' earnings as community property and all issues relating to the validity of the initial wage withholding order.

Relief from the order due to a changed circumstance, however, is an entirely different matter, examined in Section B below.

**B.** *Motion For Relief From An Order Because of Changed Circumstances Under Rule 60(b).*

■ Although Dale Atkins may not reargue the merits of a final order under Rule 60, relief from the order may be obtained if certain circumstances apply. Atkins seeks relief under subsections (b)(5) and (b)(6) of Rule 60 which states in relevant part:

**Rule 60. Relief From Judgment or Order.**

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.**

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Dale Atkins cites the dissolution of his marriage of seventeen years to Anna as the circumstance justifying relief from the wage withholding order. The motion for relief from the order was denied by the bankruptcy court which found the marriage dissolution to be a "sham transaction."

The bankruptcy court as a court of equity has the power to look through the form to the substance of a transaction in order to prevent abuses of the bankruptcy process. Bankruptcy Code § 105(a). The Ninth Circuit stated that "[a]s courts of equity, bankruptcy courts 'will look through the form to the substance of any particular transaction and may contrive new remedies when those in law are inadequate....'" *In re Global Western Development Corp.*, 759 F.2d 724, 727 (9th Cir. 1985) (*quoting In re Madeline Marie Nursing Homes*, 694 F.2d 433, 436 (6th Cir.1982)).

The court concluded in its findings of fact that the marriage dissolution was a sham transaction entered into for the pur-

poses of defeating the wage withholding order. The court cited a number of factors supporting this conclusion. Among them were the fact that Dale and Anna Atkins agreed to continue residing in the family home as their principal residence and the fact that they continue to hold title to that residence in their joint names as husband and wife. Another factor cited was that Anna Atkins was not represented by counsel in the dissolution. The bankruptcy court also noted that the property remained in joint tenancy, and that the dissolution agreement was silent as to who would pay the mortgage, taxes, repairs, and insurance on the residence, drawing the inference that such payments would presumably have been made from separate property earnings if the dissolution were *bona fide*.

Findings of fact are entitled to deference if they are not clearly erroneous: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous...." Bankruptcy Rule 8013. *Matter of Torrez*, 63 B.R. 751 (9th Cir. BAP 1986) *aff'd*, 827 F.2d 1299 (9th Cir.1987). A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Bubble Up Delaware, Inc.*, 684 F.2d 1259, 1262 (9th Cir. 1982) quoting *United States v. United States Gypsum, Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541–42, 92 L.Ed. 746 (1948). The factors cited by the bankruptcy court adequately support the factual findings made.

## V. CONCLUSION

The bankruptcy court was not clearly erroneous in its factual determination that the marriage dissolution was a "sham transaction" intended to defeat the wage withholding order. The sham dissolution does not warrant relief from the wage withholding order under Rule 60(b)(5) or (6), nor does Rule 60(b) permit a challenge to the initial validity of the order. Therefore the bankruptcy court did not abuse its discretion by denying Atkins' motion. We

therefore AFFIRM the bankruptcy court order.