NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>COEPTIS EQUITY FUND LLC,<br>　　　　　Debtor. | BAP Nos.　NC-22-1135-GBS<br>NC-22-1136-GBS<br>NC-22-1138-GBS<br>(Related Appeals) |
| COEPTIS EQUITY FUND LLC,<br>　　　　　Appellant,<br><br>v.<br>JANINA M. HOSKINS, Chapter 7<br>Trustee; GINA R. KLUMP,<br>SUBCHAPTER V TRUSTEE,<br>　　　　　Appellees. | Bk. No. 21-30726<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Dennis Montali, Bankruptcy Judge, Presiding

Before: GAN, BRAND, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Coeptis Equity Fund LLC ("Debtor") filed a chapter 11[1] petition and

elected to proceed under Subchapter V. After an initial status conference

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, all "Civil Rule" references are to the Federal Rules of Civil

revealed that Debtor had not maintained insurance on its properties, failed to file basic first-day motions, and was possibly unable to employ qualified representation, the bankruptcy court issued an order to show cause why the Debtor should not be removed as debtor in possession under § 1185(a). Debtor failed to adequately address the court's concerns, and the court entered an order removing Debtor as debtor in possession (the "Removal Order").

Pursuant to § 1183(b)(5), Subchapter V Trustee, Gina R. Klump ("Trustee"), operated the business of the debtor and obtained court approval to sell two real properties. Debtor failed to file a plan within the deadline of § 1189(b), and Trustee moved to convert the case to chapter 7. Debtor opposed conversion on procedural grounds, but after a hearing, the court entered an order converting the case (the "Conversion Order").

Debtor then filed motions, under Civil Rule 60(b)(6), made applicable by Rule 9024, for relief from the Removal Order and the Conversion Order. Debtor offered no legitimate basis to set aside either order. The bankruptcy court denied the motions and approved Trustee's application for compensation under § 330(a).

In these related appeals, Debtor seeks reversal of the bankruptcy court's orders denying its Civil Rule 60(b)(6) motions and the court's order approving Trustee's compensation. Debtor argues that the court lacked

Procedure, and all "BLR" references are to the Bankruptcy Local Rules for the Northern District of California.

authority to remove it as debtor in possession and contravened procedural rules in converting the case. And, because Debtor believes it was not legitimately removed as debtor in possession, it argues that Trustee should not be compensated for her services after Debtor's removal.

Debtor presents no cogent argument why the court abused its discretion in denying the Civil Rule 60(b)(6) motions. Debtor's argument against allowing Trustee's compensation is largely predicated on its erroneous assertion that the court lacked authority to remove Debtor as debtor in possession. The bankruptcy court did not abuse its discretion; we AFFIRM.

## FACTS[2]

### A. Debtor's bankruptcy, removal as debtor in possession, and conversion to chapter 7

In October 2021, Debtor filed a chapter 11 petition and elected to proceed under Subchapter V. Debtor's schedule A/B evidenced ownership of three residential rental properties: a single-family home in Stockton,

---

[2] Debtor did not file excerpts of record or transcripts of the relevant hearings as required by Rules 8009 and 8018. As discussed below, an appellant's failure to provide a record sufficient to permit us an informed review of the bankruptcy court's decision is grounds for dismissal or affirmance for inability to demonstrate error. *See Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 393 (9th Cir. BAP 2004), *aff'd* 170 F. App'x 457 (9th Cir. 2006); *Hall v. Whitley*, 935 F.2d 164, 165 (9th Cir. 1991); *California v. Yun (In re Yun)*, 476 B.R. 243, 251 (9th Cir. BAP 2012). However, we exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case, including the relevant transcripts where available. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

California ("Stockton Property"), a multi-family home in Daly City, California ("Daly City Property"), and a single-family home in Denham Springs, Louisiana ("Denham Springs Property"). Consistent with Debtor's election, and pursuant to § 1183(a), the United States Trustee ("UST") appointed Trustee to serve as Subchapter V trustee in the case.

Attorney Stratton Barbee filed a related chapter 11 case for Debtor's manager, Tyrious Lamont Gates, and also purported to represent Debtor. Based on events in Mr. Gates's case, the bankruptcy court issued an order to show cause regarding Mr. Barbee's qualification to represent a Subchapter V debtor and to confirm his admission to appear in the Northern District of California. After the hearing on the order to show cause, the bankruptcy court ordered Mr. Barbee to file a substitution of counsel or an association of co-counsel by November 15, 2021.

At a November 18, 2021 status conference, the bankruptcy court learned that Debtor had not maintained insurance on its properties, failed to file basic first-day motions, and was possibly unable to employ qualified counsel. The court issued an order to show cause why Debtor should not be removed as debtor in possession pursuant to § 1185(a). It ordered Debtor and other parties in interest to respond to the order to show cause by November 29, 2021. The bankruptcy court extended the deadline for Mr. Barbee to file a substitution of counsel to November 29, 2021, and it continued the status conference to November 30, 2021.

Debtor did not timely respond to the order to show cause and it did not timely file a substitution of counsel. Trustee filed a response to the order to show cause stating that Mr. Gates supplied evidence of insurance for the Daly City Property, proof of expired insurance for the Denham Springs Property, and no evidence of insurance for the Stockton Property. Trustee also detailed Debtor's failure to account for postpetition rents and noted that at the November 23, 2021 meeting of creditors, Mr. Gates refused to respond to routine inquiries from the UST. In the response, Trustee requested Debtor's removal under § 1185(a).

On December 1, 2021, the bankruptcy court entered the Removal Order, removing Debtor as debtor in possession and requiring Trustee to perform the duties provided in § 1183(b), including those specified in § 1183(b)(5).

After determining that the estate had equity in the Stockton Property, Trustee successfully opposed stay relief and obtained court approval to market and sell the property.[3] Trustee also obtained approval to sell the Denham Springs Property, and she stipulated with secured creditors for use of cash collateral, filed monthly operating reports, and communicated with Debtor's counsel and the UST about the status of the case.

---

[3] Debtor did not oppose the sale motion but later filed a motion for reconsideration of the order approving the sale. The bankruptcy court denied the motion and Debtor did not appeal.

On December 13, 2021, Debtor filed a substitution of counsel, replacing Mr. Barbee with attorney Marc Voisenat. Debtor filed a second substitution of counsel on April 7, 2022, purporting to replace Mr. Voisenat with Mr. Barbee. By its own terms, the second motion to substitute required court approval, and Debtor set a hearing on the motion for May 6, 2022. Mr. Voisenat filed a statement of non-opposition, and on May 3, 2022, the court entered an order granting substitution of counsel and vacating the hearing. Consequently, Mr. Voisenat remained counsel of record until May 3, 2022.

On April 15, 2022, Trustee filed a motion to convert the case to chapter 7. She argued that cause existed to convert under § 1112(b) because Debtor lacked the means to reorganize, failed to propose a plan within the deadline of § 1189(b), and had no reasonable likelihood of rehabilitation. Trustee noted that Mr. Gates refused to cooperate with Trustee and, though he appeared at three separate meetings of creditors, he was instructed by Mr. Barbee not to answer basic questions or respond to requests for information. Mr. Gates also refused to turn over postpetition rents and refused to produce Debtor's bank statements. Trustee argued that conversion was in the best interests of creditors because it would allow for an orderly liquidation and distribution to creditors.

On behalf of Debtor, Mr. Barbee filed an objection to the motion to convert on April 29, 2022. He argued that Trustee did not properly serve the conversion motion on Debtor until April 28, 2022, which violated BLR

6

9014-1(c). He also asserted that the relief sought by Trustee was governed by BLR 9014-1(c)(1), which required the movant to file and serve the motion and notice of hearing at least 28 days prior to the hearing. Mr. Barbee did not make any substantive argument against conversion. After a hearing on May 6, 2022, the bankruptcy court entered the Conversion Order.

**B.    Debtor's motions for relief from the orders**

After the court converted the case, Debtor filed motions pursuant to Civil Rule 60(b)(6) for relief from the Removal Order and the Conversion Order.

Regarding the Removal Order, Debtor argued that relief was warranted because § 1185(a) requires a party in interest to request removal. Debtor asserted that because the bankruptcy court acted sua sponte, it was not properly removed as debtor in possession.

Chapter 7 trustee, Janina M. Hoskins ("Chapter 7 Trustee") opposed the motion and cited § 105(a) as the basis of the court's authority to take any action required to be raised by a party in interest. She further argued that Debtor had adequate notice and opportunity to address the order to show cause but failed timely to do so.

In reply, Debtor claimed that § 105(a) did not give the court authority to remove Debtor as debtor in possession because § 105(b) prohibits the court from appointing a receiver. Debtor argued that Trustee was a receiver based on the definition of "receiver" cited in *FTC v. World Wide*

7

*Factors, Ltd.*, 882 F.2d 344, 348 (9th Cir. 1989) as "one who takes possession of and preserves, pendente lite, and for the benefit of the party ultimately entitled to it, the fund or property in litigation."

Regarding the Conversion Order, Debtor argued that relief was warranted because Trustee did not properly serve the motion and did not provide adequate notice of the hearing. Debtor disputed Trustee's contention that 21-days' notice was sufficient, and argued it was entitled to 28-days' notice under BLR 9014-1(c). Debtor maintained that because Trustee did not attach the conversion motion to the notice of hearing, Debtor did not have notice of the motion until eight days before the hearing.

In response, Chapter 7 Trustee pointed out that Trustee timely served the motion to convert on Mr. Voisenat, Debtor's counsel of record at the time, and that Debtor did not present any substantive reason why the case should not have been converted.

Debtor filed a reply and asserted, erroneously, that Mr. Barbee was substituted as counsel on April 7, 2022. Debtor also argued, for the first time, that the case should not have been converted. Debtor suggested that its failure to obtain insurance was not "gross mismanagement" and it stated that Mr. Gates agreed to answer questions after Mr. Voisenat became counsel of record and never refused to turn over rents or to produce bank statements.

8

On June 10, 2022, the bankruptcy court held a hearing on both motions. The court rejected Debtor's argument that it lacked authority to remove Debtor as debtor in possession and noted that Trustee also requested removal under § 1185(a). The court reasoned that Debtor did not make any substantive argument why the Conversion Order should be vacated, and it previously considered and rejected Debtor's procedural arguments. The court specifically held that notice and service were proper, and it entered orders denying both motions. Debtor timely appealed.

## C. Trustee's fee application

After the court converted the case, Trustee filed an application for allowance of compensation under § 330(a). Trustee stated that she incurred fees and expenses of $21,825 in performing her duties under § 1183(b), including the additional responsibilities required of a Subchapter V trustee in a case where a debtor ceases to be a debtor in possession. Trustee voluntarily reduced her fees and sought total compensation of $18,000. Chapter 7 Trustee filed a notice of non-opposition to allowance of Trustee's fees.

Debtor objected to Trustee's fee application and argued that because the bankruptcy court improperly removed Debtor as debtor in possession, Trustee should not be compensated for acts performed after Debtor's removal. Debtor also opposed compensation for Trustee's efforts to sell assets because Debtor believed the Stockton Property sold for $100,000 less

than its true value and "there was no good reason" to sell the Denham Springs Property.

After a hearing, the bankruptcy court entered an order allowing Trustee's fees and expenses in the total amount of $18,000. Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). Subject to our discussion below, we have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion by denying Debtor's motion for relief from the Removal Order?

Did the bankruptcy court abuse its discretion by entering the Conversion Order or by denying Debtor's motion for relief from that order?

Did the bankruptcy court abuse its discretion by approving Trustee's fee application?

## STANDARDS OF REVIEW

We review for an abuse of discretion the bankruptcy court's denial of a motion for reconsideration and its decision to convert a case to chapter 7. *Carruth v. Eutsler (In re Eutsler)*, 585 B.R. 231, 235 (9th Cir. BAP 2017); *Pioneer Liquidating Corp. v. U.S. Tr. (In re Consol. Pioneer Mortg. Entities)*, 264 F.3d 803, 806 (9th Cir. 2001). We also review a bankruptcy court's order

awarding compensation under § 330(a) for abuse of discretion. *Hopkins v. Asset Acceptance LLC (In re Salgado-Nava)*, 473 B.R. 911, 915 (9th Cir. BAP 2012).

A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

As an initial matter, we clarify the scope of these appeals. An appeal from an order denying a motion under Civil Rule 60(b) allows us to review only the correctness of that denial; it does not bring up for review the underlying order. *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 866 (9th Cir. BAP 2004). But if a party files a Civil Rule 60(b) motion within 14 days of entry of the underlying order, the time to appeal runs from entry of the order disposing of the Civil Rule 60(b) motion, and a timely appeal give us jurisdiction to review both orders. *See Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 99 (9th Cir. BAP 2006); Rule 8002(b).

Debtor filed its motion for relief from the Removal Order approximately five months after entry of the underlying order. Consequently, we have jurisdiction to review only the order denying the Civil Rule 60(b)(6) motion. But, because Debtor filed its motion for relief from the Conversion Order within a week of conversion, we have jurisdiction to review both orders pertaining to conversion.

11

Debtor filed a single notice of appeal and designated and attached only the orders denying its Civil Rule 60(b)(6) motions and the order approving Trustee's fee application.[4] Debtor did not attach the Conversion Order as required by BAP Local Rule 8003(a)-1. But because both parties address the merits of the Conversion Order, and we may depart from our local rules absent prejudice, *In re JSJF Corp.*, 344 B.R. at 100, we will consider both the bankruptcy court's order denying the Civil Rule 60(b) motion and the underlying Conversion Order. *See United States v. Arkison (In re Cascade Rds., Inc.)*, 34 F.3d 756, 761 (9th Cir. 1994).

## A.   The bankruptcy court did not abuse its discretion by denying Debtor's motion for relief from the Removal Order.

Civil Rule 60(b)(6) permits relief from an order "for any other reason that justifies relief." Debtor argues that the bankruptcy court should have vacated the Removal Order because § 1185(a) requires a party in interest to request removal and the court exceeded its authority by acting sua sponte.

Civil Rule 60(b)(6) should be applied "sparingly as an equitable remedy to prevent manifest injustice . . . only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "Ninth Circuit decisions have settled that [Civil] Rule 60(b) is not a substitute avenue for appeal[.]" *Atkins v.*

---

[4] Debtor's notice of appeal also included the order confirming abandonment of the Daly City Property. That appeal was subsequently dismissed.

*Fiberglass Representatives, Inc. (In re Atkins)*, 134 B.R. 936, 939 (9th Cir. BAP 1992). The party seeking relief under Civil Rule 60(b)(6) "must demonstrate both injury and circumstances beyond its control that prevented it from proceeding with the prosecution or defense of the action in a proper fashion." *Kenny G. Enters., LLC v. Casey (In re Kenny G. Enters., LLC)*, BAP No. CC-13-1527-KiTaPa, 2014 WL 4100429, at \*15 (citing *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

Debtor does not articulate any extraordinary circumstances that prevented it from raising the issue of the court's authority until five months after entry of the Removal Order. Debtor had sufficient notice of the court's intent to remove it as debtor in possession but did not timely file a response to the order to show cause. Debtor did not argue the court lacked authority, or even that removal was not warranted. Debtor did not appeal the Removal Order, and it cannot use Civil Rule 60(b)(6) as a substitute for a timely appeal.

Moreover, Debtor's argument that the court lacked authority is completely baseless. Section 105(a) plainly states:

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Debtor attempts to avert the clear grant of authority by claiming Trustee is a "receiver," and pursuant to § 105(b), the bankruptcy court was prohibited

13

from appointing Trustee as a receiver. Debtor offers no support for its claim that Trustee is a receiver or that Trustee was appointed by the bankruptcy court.

Trustee is not a receiver. She was appointed by the UST—not the bankruptcy court—pursuant to § 1183(a), and her duties and loyalties are statutorily defined by the Bankruptcy Code. *See* 11 U.S.C. §§ 1183, 323(a); *see also Kosmala v. Baek (In re Halvorson)*, 607 B.R. 680, 685 (Bankr. C.D. Cal. 2019) ("Bankruptcy trustees and receivers have very different roles, duties and loyalties. A bankruptcy trustee is the representative of the estate. A receiver, on the other hand, is appointed by the court as a representative of the court . . ." (citations and emphasis omitted)). After the bankruptcy court removed Debtor as debtor in possession, Trustee acquired additional responsibilities by operation of law. *See* 11 U.S.C. § 1183(b)(5). The bankruptcy court was not prohibited by § 105(b) from removing Debtor as debtor in possession.

The bankruptcy court correctly rejected Debtor's argument about its authority to remove Debtor as debtor in possession, and it did not abuse its discretion by denying the Civil Rule 60(b)(6) motion.

**B.    The bankruptcy court did not abuse its discretion by converting the case or by denying relief from the Conversion Order.**

Debtor argues that the court erred by converting the case because Trustee did not provide adequate notice of the hearing or service of the

14

motion to convert, and conversion was not in the best interest of creditors and the estate.

Debtor's opposition to Trustee's conversion motion was based solely on lack of notice and inadequate service. Debtor claimed that it did not receive the motion until eight days prior to the hearing and notice of the hearing should have been made 28 days prior to the hearing under BLR 9014-1(c)(1). The bankruptcy court considered and rejected Debtor's arguments for the reasons stated on the record at the May 6, 2022 hearing.

Debtor did not provide a transcript of that hearing as required by Rule 8009(b)(5) and the transcript is not available on the bankruptcy court's docket. An appellant's failure to provide a record sufficient to permit us an informed review of the bankruptcy court's decision is grounds for dismissal or affirmance for inability to demonstrate error. *See In re Yun*, 476 B.R. 243 at 251 ("The [Appellant's] complete disregard of Rule 8009(b) in itself constitutes a basis to dismiss this appeal or summarily affirm the bankruptcy court's decision."). We may affirm for Debtor's inability to demonstrate error, but additionally, Debtor's argument is directly refuted by the record.

On April 15, 2022, Trustee electronically served the motion on Mr. Voisenat. Pursuant to BLR 9013-1, electronic service of the motion on Mr. Voisenat constituted effective service on Debtor. The same day, Trustee electronically served notice of the hearing on Mr. Voisenat and mailed notice to Mr. Gates and Mr. Barbee. Mr. Voisenat was Debtor's counsel of

15

record until the court approved the substitution of Mr. Barbee on May 6, 2022. Thus, service was proper.

Debtor's argument that it was entitled to 28-days' notice of the hearing is similarly unavailing. Rule 2002(a)(4) requires a minimum of 21-days' notice of a hearing on a motion to convert a chapter 11 case. BLR 9014-1(c) mandates 28-days' notice under certain circumstances but requires only 21-days' notice where "relief is sought generally."

We agree with the bankruptcy court that a motion to convert is a general motion that can be filed by a trustee, a debtor, or any other interested party for the sake of efficient administration. But even if the local rule required additional time, "[t]he bankruptcy court has broad discretion to apply its local rules strictly or to overlook any transgressions." *Nunez v. Nunez (In re Nunez)*, 196 B.R. 150, 157 (9th Cir. BAP 1996). Debtor had sufficient notice to satisfy due process; it filed an objection, and it appeared at the hearing. Debtor has not identified any argument or evidence it was prevented from presenting to the bankruptcy court at the hearing, and we find no abuse of discretion by the bankruptcy court in entering the Conversion Order.

In its Civil Rule 60(b)(6) motion, Debtor made the same procedural complaint that it made in opposition to the Conversion Order. Debtor made no substantive argument against conversion until its reply.[5] Thus,

---

[5] In its reply, Debtor did not dispute the existence of cause to dismiss or convert under § 1112(b). Instead, it focused its argument on Trustee's alleged improper motive

16

Debtor did not demonstrate extraordinary circumstances to justify relief under Civil Rule 60(b)(6).[6]

Debtor has not shown an abuse of discretion by the bankruptcy court in converting the case or in denying its motion for relief from the Conversion Order.

## C. The bankruptcy court did not abuse its discretion by approving Trustee's fee application.

Pursuant to § 330(a)(1), after notice and a hearing, the bankruptcy court may award a trustee "reasonable compensation for actual, necessary services rendered by the trustee . . . and reimbursement for actual, necessary expenses." In awarding compensation, the bankruptcy court must consider the nature, extent, and value of the services, considering

---

in converting the case to receive compensation for her services. At oral argument, Debtor argued that Trustee had no basis to seek conversion and claimed there was no cause to convert the case because the deadline to file a plan had not passed. Again, Debtor's argument is belied by the record. Pursuant to § 1189(a), only the debtor may file a plan under Subchapter V, and pursuant to § 1189(b), it must do so not later than 90 days after the order for relief, unless the court extends the deadline. The record is clear that Debtor did not file a plan, and the docket does not evidence any extension of the deadline by the bankruptcy court.

[6] Though the bankruptcy court could construe a motion for reconsideration filed within 14 days of the Conversion Order as a motion to alter or amend judgment under Civil Rule 59(e) and Rule 9023, such a motion should not be granted unless the court is presented with newly discovered evidence, committed clear error, or if there has been an intervening change in the controlling law. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A party may not use a Civil Rule 59(e) motion to present a new legal theory for the first time, to raise legal arguments which could have been made in connection with the original motion, or to rehash the same arguments already presented. *In re JSJF Corp.*, 344 B.R. at 103.

criteria listed in the statute. 11 U.S.C. § 330(a)(3). The court may not award fees for unnecessary duplication of effort or for services that were not reasonably likely to benefit the estate or were unnecessary for case administration. 11 U.S.C. § 330(a)(4).

A party objecting to an application for compensation under § 330(a) has the burden to show that fees are unreasonable and must do more than express general dissatisfaction with the application; it must specify what tasks are objectionable. *Koncicky v. Peterson (In re Koncicky)*, BAP No. WW-07-1170-MkPaJ, 2007 WL 7540997, at *4 (9th Cir. BAP Oct. 19, 2007); 3 COLLIER ON BANKRUPTCY ¶ 330.03 [5][d] (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. rev. 2021)).

On appeal, Debtor contends that Trustee should not be compensated for actions taken after entry of the Removal Order and should not be compensated for her efforts to sell the Stockton Property or the Denham Springs Property because Debtor believes it was harmed by the sales. Additionally, Debtor claims that Trustee unnecessarily moved to convert the case and it accuses her of making false allegations and disingenuous arguments in support of the motion. Debtor has not shown an abuse of discretion in allowing Trustee's fees.[7]

---

[7] The bankruptcy court entered an order approving Trustee's fee application and overruling Debtor's objection after the June 16, 2022 hearing. Debtor did not provide a transcript of that hearing, as required by Rule 8009(b)(5), which constitutes grounds for affirmance based on Debtor's inability to demonstrate error. *In re Kyle*, 317 B.R. at 393; *Hall*, 935 F.2d at 165; *In re Yun*, 476 B.R. at 251.

As explained above, the court had clear authority to enter the Removal Order. Trustee's duties are mandated by statute, including the additional duties under § 1183(b)(5), in cases where a debtor ceases to be a debtor in possession. And while Debtor disagreed with Trustee's decision to sell estate assets and her decision to seek conversion, Debtor's disagreement is not a sufficient basis to deny or reduce Trustee's fees.

In opposing the fee application, Debtor must demonstrate that Trustee's actions were unnecessary or not reasonably likely to benefit the estate. But it merely claims that Trustee should have sold the Stockton Property for a higher price and should not have sought to sell the Denham Springs Property. Debtor unsuccessfully opposed the sale motions and did not appeal the orders. Debtor has not shown that Trustee's efforts to liquidate the assets or convert the case were unnecessary or not reasonably likely to benefit the estate.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's orders: (1) denying Debtor's motion for relief from the Removal Order; (2) converting the case; (3) denying Debtor's motion for relief from the Conversion Order; and (4) approving Trustee's fee application.

19