

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>RILLANERA RUIZ SILLA,<br>　　　　　　　Debtor. | BAP No.  HI-22-1092-BSG<br><br>Bk. No. 21-01032 |
| RILLANERA RUIZ SILLA,<br>　　　　　　　Appellant,<br>v.<br>NIMA GHAZVINI, Chapter 13 Trustee,<br>　　　　　　　Appellee. | **MEMORANDUM**∗ |

Appeal from the United States Bankruptcy Court
for the District of Hawaii
Robert J. Faris, Chief Bankruptcy Judge, Presiding

Before: BRAND, SPRAKER, and GAN, Bankruptcy Judges.

## INTRODUCTION

Appellant Rillanera Ruiz Silla appeals an order denying her motion for

relief from judgment under Civil Rule 60(b).[1] In her motion, filed more than

14 days after entry of the bankruptcy court's pertinent order, Silla challenged

what she argued was legal error by the court. She did not provide any reason

---

∗ This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of
Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil
Procedure.

1

for not filing a timely appeal of the prior order. Accordingly, there was no basis upon which the bankruptcy court could grant relief under Civil Rule 60(b). We AFFIRM.

## FACTS

Silla filed a chapter 13 bankruptcy case on November 7, 2021. In her plan, Silla scheduled her mortgage lender, Bank of America, N.A. ("BOA"), as a Class 7 creditor. BOA filed a proof of claim listing prepetition arrears of $2,690.65, which was comprised of $510.03 in principal, $980.62 in interest, and $1,200 in fees. The chapter 13 trustee objected to Silla's plan because BOA's claim asserted a prepetition arrearage owed; thus, according to the form plan for the district, BOA's claim had to be treated as a Class 1 claim. The trustee also needed clarification on whether any interest should be paid on the arrearage since Silla's plan was silent on that issue.[2]

On January 26, 2022, the bankruptcy court issued its Memorandum of Decision Regarding Accrual of Interest on Arrearage Cure Claims in Chapter 13 Case ("Interest Memorandum"). The court held that Silla had to pay interest on the delinquent prepetition principal of $510.03, but not on any other portion of the arrearage. To reach that conclusion, it looked to the mortgage note, which is a standardized form promulgated by Fannie Mae and Freddie Mac that states: "Interest will be charged on unpaid principal until the full amount of Principal has been paid." Since the principal amount

---

[2] BOA did not appear at the plan confirmation hearing and has not participated in this matter.

of $510.03 was delinquent and not yet paid, then interest on that portion was due.

On February 10, 2022, the bankruptcy court entered an order confirming Silla's plan, which incorporated its decision in the Interest Memorandum ("Confirmation Order"). Silla did not appeal the Confirmation Order.

On March 22, 2022, Silla moved for reconsideration of the Interest Memorandum under "Rules 9023/9024, [Local Bankruptcy Rule] 9024-1, and 11 U.S.C. § 105." Silla argued that the bankruptcy court erred in ruling that she had to pay interest on the delinquent prepetition principal. Silla maintained that the BOA note was a "scheduled loan" as opposed to a "daily accrual loan" and therefore did not require or authorize the payment of additional interest on the principal regardless of the timing of the mortgage payments. Silla requested that the court reconsider its prior ruling and confirm that scheduled loans which have unpaid prepetition principal cured through the chapter 13 plan are not subject to additional interest payments.

After a hearing, the bankruptcy court declined to change its prior ruling and denied the motion. Silla timely appealed the order denying reconsideration.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(L). Subject to our discussion below, we have jurisdiction under 28 U.S.C. § 158.

3

**ISSUE**

Did the bankruptcy court abuse its discretion in denying the motion to reconsider?

**STANDARDS OF REVIEW**

We review the denial of a motion for relief from order or judgment under Civil Rule 60(b) for abuse of discretion. *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 866 (9th Cir. BAP 2004). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

"We may affirm on any ground supported by the record, regardless of whether the bankruptcy court relied upon, rejected or even considered that ground." *Fresno Motors, LLC v. Mercedes Benz USA, LLC,* 771 F.3d 1119, 1125 (9th Cir. 2014) (cleaned up).

**DISCUSSION**

**A.    Motions to reconsider generally**

Motions to reconsider are not specifically mentioned in the Federal Rules of Civil or Bankruptcy Procedure. But the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment under Civil Rule 59(e) or a motion for relief from judgment under Civil Rule 60(b). Civil Rules 59(e) and 60(b) are made applicable to bankruptcy by Rules 9023 and 9024, respectively. Although they may overlap, these two rules are

4

distinct.

Ordinarily, if a motion to reconsider is filed within 14 days of the order or judgment, it is treated as a motion under Civil Rule 59(e)(Rule 9023); if it is filed more than fourteen days after entry of the order or judgment, it is treated as a motion under Civil Rule 60(b) (Rule 9024). Rule 8002(b) tolls the time for filing an appeal if a party files a motion to alter or amend the order or judgment under Civil Rule 59(e) or a motion for relief under Civil Rule 60(b) within fourteen days after the order or judgment is entered. Rule 8002(b)(1)(B), (D). An untimely motion for reconsideration, one filed after the 14-day appeal period, will not extend the time to file a notice of appeal. *Preblich v. Battley*, 181 F.3d 1048, 1057 (9th Cir. 1999) (applying former 10-day rule).

An appeal from the denial of a motion to reconsider construed as a Civil Rule 59(e) motion allows the appellate court to consider the merits of the underlying order or judgment, while an appeal from the denial of a Civil Rule 60(b) motion "does not bring up the underlying judgment for review." *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978); *see Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989); *Atkins v. Fiberglass Representatives, Inc. (In re Atkins)*, 134 B.R. 936, 939 (9th Cir. BAP 1992). Put another way, when a motion to reconsider is filed within 14 days of entry of the underlying order or judgment, we have jurisdiction to review both the underlying order or judgment and the order denying reconsideration. *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 99 (9th Cir. BAP 2006) (applying former

5

10-day rule); Rule 8002(b). But when a motion to reconsider is filed after the 14-day appeal period has run, we lack jurisdiction to review the merits of the underlying order or judgment and have jurisdiction only over the order denying reconsideration. *Preblich,* 181 F.3d at 1057; *In re Atkins,* 134 B.R. at 938; *see Pryor v. B Squared, Inc. (In re B Squared, Inc.),* 654 Fed. App'x 268, 269 (9th Cir. 2016) ("To the extent that [debtor] challenges the underlying dismissal order, we lack jurisdiction over that decision because [debtor] did not timely appeal from it, and the late-filed motion for reconsideration did not toll the time for filing the appeal.") (citations omitted).

**B.    The bankruptcy court did not abuse its discretion in denying the motion to reconsider.**

While Silla's argument that the bankruptcy court erred in ruling that she was required to pay interest on the delinquent prepetition principal has some appeal, we are unable to review the merits of the court's decision on that issue. As an initial matter, the Interest Memorandum was not a final decision until the bankruptcy court entered the Confirmation Order on February 10, 2022. The time to appeal the Confirmation Order and the bankruptcy court's decision with respect to the interest matter expired on February 24, 2022. Silla then sought reconsideration of the "Interest Memorandum" on March 22, 2022, under Rules 9023 and 9024, after that interlocutory decision had merged into the final Confirmation Order. While Silla should have moved for reconsideration of the Confirmation Order, relief under Rule 9023 was not available in any event because Silla's motion was

6

filed nearly six weeks after the expiration of the appeal period for the

Confirmation Order.

Thus, Silla's motion to reconsider could only be construed as a motion

for relief from judgment under Civil Rule 60(b). *Alexander v. Bleau (In re

Negrete),* 183 B.R. 195, 197 (9th Cir. BAP 1995), *aff'd,* 103 F.3d 139 (9th Cir.

1996). As such, we have jurisdiction only over the reconsideration order, and

our review is limited to the correctness of the bankruptcy court's denial of

Silla's motion.

Civil Rule 60(b) permits a bankruptcy court to grant relief from a final

order or judgment on six separate grounds. *See* Civil Rule 60(b)(1)-(6).[3]

Other than a passing reference to Rule 9024, Silla did not discuss Civil Rule

60(b) or articulate under which clause she was seeking relief. Further, the

bankruptcy court did not articulate what rule or clause it applied to deny the

motion. Notwithstanding, since Silla asserted legal error by the court, it

appears that she was seeking relief under Civil Rule 60(b)(1) – "mistake,

---

[3] Civil Rule 60(b) provides: Grounds for Relief from a Final Judgment, Order, or
Proceeding. On motion and just terms, the court may relieve a party or its legal
representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have
    been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
    misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier
    judgment that has been reversed or vacated; or applying it prospectively is no
    longer equitable; or
    (6) any other reason that justifies relief.

inadvertence, surprise, or excusable neglect."

Recently, the U.S. Supreme Court held that a judge's errors of law are "mistakes" that can provide a basis for relief under Civil Rule 60(b)(1). *See Kemp v. United States,* 142 S. Ct. 1856, 1860 (2022). However, the Court noted that litigants must file Civil Rule 60(b) motions "within a reasonable time," and that circuit courts have found Civil Rule 60(b)(1) motions to be untimely when the movant should have challenged the alleged legal error sooner "(e.g., in a timely appeal)." *Id.* at 1864 (citing *Mendez v. Republic Bank,* 725 F.3d 651, 660 (7th Cir. 2013)).

The Supreme Court's holding in *Kemp* has long been the law in the Ninth Circuit. *See Gila River Ranch v. United States,* 368 F.2d 354, 357 (9th Cir. 1966) (when a Civil Rule 60(b)(1) motion is based on the court's error, the motion must be made before the expiration of the time for appeal); *accord Sattler v. Russell (In re Sattler),* 840 F. App'x 214, 215-15 (9th Cir. 2021) (Mem) ("Granting motions to vacate orders involving alleged legal errors on the merits, 'after a deliberate choice has been made not to appeal, would allow litigants to circumvent the appeals process and would undermine greatly the policies supporting finality of judgments.'" (quoting *Plotkin v. Pac. Tel. & Tel. Co.,* 688 F.2d 1291, 1293 (9th Cir. 1982))).

One exception to the rule that a Civil Rule 60(b)(1) motion alleging legal error on the merits must be filed before the appeal time has run is "when the movant can 'establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal.'" *In re Sattler,* 840

F. App'x at 215 (quoting *Plotkin,* 688 F.2d at 1293); *see also id.* at 215 n.2 (explaining that Civil Rule 60(b)(1) motions require a showing of extraordinary circumstances when they are based on alleged legal errors that go to the merits and are brought after the deadline to appeal).

Here, the bankruptcy court's alleged legal error on the merits was the sole basis for Silla's untimely motion to reconsider. As such, her motion amounted to an attempt to circumvent the appeals process after her failure to timely appeal the Confirmation Order. Civil Rule 60(b) motions are not a substitute for an appeal. *Twentieth Century-Fox Film Corp. v. Dunnahoo,* 637 F.2d 1338, 1341 (9th Cir. 1981) (Civil Rule 60 is "not intended to benefit the unsuccessful litigant who long after the time during which an appeal from a final judgment could have been perfected first seeks to express his dissatisfaction.") (citation omitted); *In re Atkins,* 134 B.R. at 938-39 (movant could not use Civil Rule 60(b) as an alternative to an appeal to obtain a reconsideration of the merits). And Silla did not provide any reason for why she was unable to file a timely appeal of the Confirmation Order much less an "extraordinary" one.

Therefore, the bankruptcy court had no basis upon which it could grant relief. Although the bankruptcy court did not deny Silla's motion for the reasons we have stated above, the record supports its decision to deny it.

The only arguments Silla asserts on appeal are those that would have been appropriate in an appeal of the Confirmation Order – i.e., that the bankruptcy court erred in ruling that she had to pay interest on the

9

delinquent prepetition principal. She does not cite Civil Rule 60(b) in her brief (or 59(e) for that matter), or discuss the proper standard of review, or present any argument that bears on the bankruptcy court's exercise of discretion in denying the motion to reconsider. And, again, she has not provided any explanation for why she did not bring a timely appeal of the Confirmation Order.

On this record, we conclude that the bankruptcy court did not abuse its discretion in denying Silla's motion to reconsider.

## CONCLUSION

For the reasons stated above, we AFFIRM.