**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  COEPTIS EQUITY FUND LLC,

Debtor,

------------------------------

COEPTIS EQUITY FUND LLC,

Appellant,

  v.

JANINA HOSKINS,

Appellee.

No.  23-60001

BAP No. 22-1135

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Brand, and Spraker, Presiding

Submitted March 13, 2024[**]
San Francisco, California

Before:  S. THOMAS, MCKEOWN, and CHRISTEN, Circuit Judges.

Chapter 11 debtor Coeptis Equity Fund LLC ("Coeptis") appeals the

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bankruptcy Appellate Panel's decision to affirm the bankruptcy court's denial of Coeptis's Federal Rule of Bankruptcy Procedure 9024[1] motion for relief from the court's order removing Coeptis as debtor in possession ("DIP") and appointing the Subchapter V trustee as trustee in possession (the "Removal Order"). We have jurisdiction under 28 U.S.C. § 158(d)(1). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We affirm.

We review denial of a Rule 9024 motion for abuse of discretion. *In re Gilman*, 887 F.3d 956, 963 (9th Cir. 2018). Coeptis invokes Rule 60(b)(6), which is incorporated in Rule 9024. A party moving for relief under Rule 60(b)(6) must "demonstrate both injury and circumstances beyond [its] control that prevented [it] from proceeding with the prosecution or defense of the action in a proper fashion." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). Those circumstances must be "extraordinary." *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam). Parties "may not use Rule 60(b) as an alternative to an appeal to obtain a reconsideration of the merits and declare the original judgment void." *In re Atkins*, 134 B.R. 936, 938–39 (9th Cir. BAP 1992).

---

[1] Fed. R. Bankr. P. 9024 expressly applies Federal Rule of Civil Procedure 60 to bankruptcy cases.

Coeptis does not identify any extraordinary circumstances beyond its control that prevented it from proceeding with the appeal in the ordinary course. Rather, it argues that the bankruptcy court made legal and procedural errors in the Removal Order. But Coeptis does not contend that these legal arguments were unavailable to it at a time when it could have timely appealed, such as due to a change in the law governing the judgment. *See Bynoe v. Baca*, 966 F.3d 972, 983 (9th Cir. 2020). Because Coeptis could have made its arguments to the bankruptcy court before entry of final judgment, it did not establish extraordinary circumstances.

Even if Coeptis's legal and procedural arguments were valid bases for relief under Rule 60(b)(6), they lack merit. Coeptis contends that the bankruptcy court abused its discretion when it issued the Removal Order because 11 U.S.C. § 1185(a) provides that a debtor may be removed as DIP upon the motion of a party in interest, and the bankruptcy court removed Coeptis as DIP on its own motion. Coeptis contends that 11 U.S.C. § 105(a), which authorizes the bankruptcy court to issue "any order" that is "necessary or appropriate," does not authorize the Removal Order because a Subchapter V trustee is a receiver and thus, the Removal Order violated the prohibition in 11 U.S.C. § 105(b) against court-appointed receivers.

Coeptis's arguments are not persuasive. The Subchapter V trustee was appointed by the office of the United States Trustee, not by the bankruptcy court. Even if the bankruptcy court had appointed the trustee, we have explicitly held that

3

bankruptcy courts "ha[ve] authority to act sua sponte to appoint a Chapter 11 trustee." *In re Bibo, Inc.*, 76 F.3d 256, 258–59 (9th Cir. 1996). This authority follows from the fact that a bankruptcy trustee is not a receiver. "Bankruptcy trustees and receivers have very different roles, duties and loyalties. A bankruptcy trustee is the representative of *the estate*. A receiver, on the other hand, is appointed by the court as a representative of *the court* to manage, control and deal with the property that is the subject matter of a controversy." *In re Halvorson*, 607 B.R. 680, 685 (Bankr. C.D. Cal. 2019) (citations omitted).

Coeptis's reliance on *FTC v. Word Wide Factors, Ltd.*, 882 F.2d 344,(9th Cir. 1989) is misplaced. That case did not hold that a bankruptcy trustee is a receiver; rather, it held that a court-appointed special master was a receiver. *Id*. at 348. Nor does *Barton v. Barbour*, 104 U.S. 126 (1881), or the application of the *Barton* principle to bankruptcy proceedings, demonstrate that a bankruptcy trustee is a receiver for purposes of § 105(b).

Finally, Coeptis argues that the bankruptcy court did not provide Coeptis with 28 days' notice to respond to the court's Order to Show Cause pursuant to B.L.R. 9014-1(c)(1). That rule applies to certain "motions," "hearings on applications for compensation," and "objections," B.L.R. 9014-1(b)(1), not to orders to show cause issued by the bankruptcy court. The bankruptcy court did not abuse its discretion when it denied Coeptis's 9024 motion for relief from the Removal Order.

**AFFIRMED.**